ATTORNEY GENERAL v LIQUOR CONTROL COMMISSION

(ATTORNEY GENERAL v THAYER)

1. ATTORNEY GENERAL—STATUTORY AUTHORITY—CONSTRUCTION—IN-
   TERVENTION—LIQUOR CONTROL COMMISSION—PUBLIC INTEREST.

   The statutory authority of the Attorney General is liberally
   construed by the courts and statutes clearly provide for inter-
   vention by the Attorney General in any case in which the
   people of the state may be interested; therefore, the Attorney
   General had both the right and the duty to intervene and seek
   review of a decision of the Liquor Control Commission that the
   conviction of a parent corporation of conspiracy to use inter-
   state transportation in aid of racketeering was immaterial and
   inadmissible as evidence against subsidiary corporations in an
   action to revoke their liquor licenses where in his discretion,
   the Attorney General deemed it in the public interest to
   intervene (MCLA 14.101).

2. ADMINISTRATIVE LAW—REVIEW—ABUSE OF DISCRETION—REMAND—
   MOTION FOR CONTINUANCE—CIRCUIT COURTS.

   A trial judge properly remanded a liquor license revocation
   action back to the Liquor Control Commission for a full and
   fair hearing of the case where he correctly determined that the
   hearing commissioner had abused his discretion in denying the
   Attorney General's motion for continuance to seek the aid of
   the circuit court to enforce a subpoena as provided by statute
   (MCLA 436.7a).

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted May 8, 1975, at Detroit. (Docket No. 20666.)
Decided October 14, 1975. Leave to appeal denied,
395 Mich 830.

Petition in circuit court by the Attorney General
for review of the denial of a motion for continu-
ance and the dismissal of a complaint by the

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Attorney General §§ 6, 7.
[2] 2 Am Jur 2d, Administrative Law §§ 764–766.

Liquor Control Commission in an action to revoke liquor licenses. Remanded by the circuit court for further hearings before the commission. Intervening defendant-licensees appeal. Affirmed.

*Frank J. Kelley,* Attorney General, and *Patrick J. Devlin,* Assistant Attorney General, for the people.

*Evans & Luptak* (by *D. Michael Kratchman* and *Garry I. Borin)* for defendants.

Before: V. J. BRENNAN, P. J., and McGREGOR and D. F. WALSH, JJ.

V. J. BRENNAN, P. J. Defendants, H. P. Sportservice, Inc., D. R. T. Sportservice, Inc., Michigan Sportservice, Inc., and Detroit Sportservice, Inc. (hereinafter defendants), appealed from an order of the circuit court of Ingham County which remanded for further hearings a license revocation proceeding upon a petition for review brought by intervenor Attorney General of the State of Michigan pursuant to the Michigan Administrative Procedures Act of 1969.

On April 26, 1972, Emprise Corporation, a foreign corporation, was convicted by a Federal court jury in the United States District Court along with a number of other defendants, of conspiracy to use interstate transportation in aid of racketeering in violation of 18 USC, §§ 371, 1952, and were sentenced to pay a fine of $10,000, the maximum allowable under the statute. This conviction was later affirmed by the United States Court of Appeals, *sub nom United States v Polizzi,* 500 F2d 856 (1974), *cert den* 419 United States 1120; 95 S Ct 802; 42 L Ed 2d 820 (1975). Subsequent to the conviction, a complaint was issued by the Michigan Liquor Control Commission (hereinafter com-

mission) charging that the four defendants were in fact sham corporations of the Emprise Corporation, and that, therefore, the liquor licenses held by the defendants constituted a violation of MCLA 436.23; MSA 18.994, which provides that corporate liquor licenses may not be held by corporations not authorized to do business under the laws of the State of Michigan, as well as other violations which would justify the revocation of the defendants' licenses.

On or about November 20, 1972, the commission caused to be served on Jeremy M. Jacobs, president of Emprise Corporation, and each of the named defendant corporations a subpoena which required that Mr. Jacobs appear on November 22, 1972, for a hearing before Mr. Thomas A. Van-Tiem, one of the five Liquor Control Commissioners, who was designated to conduct the hearing of the contested matter. Mr. Jacobs did not attend the hearing. Counsel for the commission made a motion for continuance for cause, to enable him to have time to seek the aid of the circuit court in enforcing the subpoena. Mr. VanTiem refused to allow the continuance. Mr. VanTiem's opinion was issued on February 16, 1973, in which he dismissed the complaint against Emprise Corporation and a subsidiary, on the ground that they were not named licensees, and that therefore, the conviction of Emprise was immaterial and inadmissible as evidence against the defendants.

One month later the Attorney General, Frank J. Kelley, intervened in the proceedings, for and on behalf of the people of the State of Michigan, and counsel for the commission filed a petition for rehearing pursuant to the Michigan Administrative Procedures Act, citing errors committed by Mr. VanTiem. On August 7, 1973, the commission

issued a written decision holding, *inter alia,* that it had no authority to consider a petition for rehearing and that the Attorney General could not intervene.

The Attorney General then proceeded to file petitions with this Court and with the Ingham County Circuit Court asking for superintendence of the members of the Liquor Control Commission and for a full new hearing of the matter, and for a review pursuant to the Michigan Administrative Procedures Act of 1969. On December 13, 1973, this Court held that the proper remedy for plaintiff Attorney General was under the provisions of the Michigan Administrative Procedures Act of 1969, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.* After a hearing on the matter the circuit judge filed an opinion and order on May 15, 1974, remanding the case to the Liquor Control Commission hearings examiner to take further testimony. Thereafter, the circuit court allowed the licensees to intervene as defendants for purposes of appeal, after which, on June 12, 1974, the intervening defendants filed the instant appeal. We have refrained from stating all the details of this long and involved course of litigation, since we find such details unnecessary for a disposition of the matter.

After all the dust has settled, this case boils down to two very simple issues: (1) whether the Attorney General has standing to intervene in a hearing before an administrative agency of this state so as to seek review thereof, and (2) whether the circuit court erred in remanding the matter for further testimony before the Liquor Control Commission.

Defendants contend in substance that the Attorney General did not have standing to intervene in the administrative proceeding to seek judicial re-

view thereof. Defendants reason that since MCLA 436.20; MSA 18.991 specifically provides for review for licensees who feel aggrieved, and makes no mention of appeals by other aggrieved persons, that only a licensee may appeal an order of a hearing commissioner. Plaintiff argues that this statute does not expressly proscribe appeal by other aggrieved persons, and that further, MCLA 24.301; MSA 3.560(201) does provide that an aggrieved person may have review of a decision or order of an agency, and that the definition of a "person" in MCLA 24.205(4); MSA 3.560(105) is clearly broad enough to include the Attorney General, acting for and on behalf of the people. There a person is defined as:

"[A]n individual, partnership, association, corporation, governmental subdivision or public or private organization of any kind other than the agency engaged in the particular processing of a rule, declaratory ruling, or contested case."

Michigan statutes clearly provide for intervention by the Attorney General in any case in which the people of the state may be interested. MCLA 14.101; MSA 3.211, MCLA 14.28; MSA 3.181. The Michigan Supreme Court held in *People v O'Hara,* 278 Mich 281; 270 NW 298 (1936), that the statutory authority of the Attorney General is to be liberally construed. This Court has held that the discretion of the Attorney General is only limited when intervention by the Attorney General is clearly inimicable to the public interest. *Gremore v People's Community Hospital Authority,* 8 Mich App 56, 59; 153 NW2d 377 (1967). The Michigan Supreme Court has also recognized the wide-ranging powers of the Attorney General which he has

at common law. *Mundy v McDonald,* 216 Mich 444, 450–451; 185 NW 877 (1921).

If we follow the reasoning of defendants, once an administrative agency of this state has ruled in favor of a licensee, no matter how prejudicial to the public interests or how grievous an error may have been committed by the agency, Michigan law, it is contended, does not provide for a judicial review thereof. If the Attorney General may not seek review, who can seek review? We do not believe that any administrative agency of this state can be immune from review. We hold that the Attorney General had both the right and the duty to intervene and seek review of a decision of the Michigan Liquor Control Commission when, in his discretion, he deemed it in the public interest to do so.

The only remaining issue is whether the circuit judge committed error when he remanded the matter to the commission for further hearings. At the hearing on May 24, 1974, the circuit judge explained his reasons for his decision. We quote pertinent parts of the judge's ruling.

"The hearing commissioner I believe clearly committed a glaring error in refusing to honor the request for continuance for time in which to seek the aid of the circuit court in enforcing its subpoena. That is, a subpoena of the Commission. Now, when I ran across this, it's obvious to all concerned that nothing that can be done now will alter the transcript of what took place then.

\* \* \*

"Now, this Court sits in review of the conduct of administrative bodies. Why should this Court go to the matter of reviewing subsequent conduct on the part of the Commissioners, or some of them, or all of them, where the Commission as a whole, when at the very outset of the hearing a gross error was committed? Now

under these circumstances this Court issued the opinion and order that is being mentioned here, and I said this is such a breach of discretion that it is to go back to the Commission.

\* \* \*

"What are these licensees being called upon to do? They're being called upon to go back and if they are parties to that proceeding, to proceed to participate in a hearing which is conducted in accordance with what this Court thinks is a fair exercise of discretion."

We fully agree with the circuit judge. The president of the defendant corporations refused to honor a subpoena of the commission; the plaintiffs sought a continuance to seek the aid of the circuit court to enforce the subpoena as provided in MCLA 436.7a; MSA 18.977(1); the hearing commissioner denied plaintiffs' motion and subsequently dismissed the complaint for a failure of proof. The circuit judge correctly ruled that this ruling of the hearing commissioner constituted an abuse of discretion.

The instant action was brought by the Attorney General against the commission to compel the commission to grant a full and fair hearing of the case. The rights of the defendants are in no way prejudiced thereby. The defendants have a right to a full and fair hearing. The order of the circuit judge requires no less. We require no more.

We have examined defendants' other allegations of error and have found them to be without merit.

Affirmed.