MICHIGAN STATE CHIROPRACTIC ASSOCIATION v KELLEY

1. ATTORNEY GENERAL—AUTHORITY TO SUE—REGULATORY BOARDS—
   PERSONAL LIABILITY—STATUTES.

   The Attorney General has the authority to sue to abate a public
   nuisance or an unlawful activity, and the fact that he fails to
   sue *ex rel* a regulatory board, as provided by statute, does not
   mean that he exceeds his authority and thereby becomes
   subject to personal liability for damages allegedly caused to a
   defendant by the institution of a suit (MCLA 338.22; MSA
   18.1207).

2. ATTORNEY GENERAL—AUTHORITY TO SUE—STATUTES—LIBERAL CON-
   STRUCTION.

   The statutory and common law authority of the Attorney General
   to act on behalf of the people of the State of Michigan in any
   cause or matter is liberally construed and should be interfered
   with only where the actions of the Attorney General are
   clearly inimical to the people's interest (MCLA 14.28; MSA
   3.181).

3. COURTS—JURISDICTION—CIRCUIT COURT—COURT OF CLAIMS—ATTOR-
   NEY GENERAL—AUTHORITY TO SUE—STATUTES.

   The circuit court is without jurisdiction to try a case against the
   Attorney General and members of his staff wherein the plain-
   tiffs allege they were damaged by the initiation of suits against
   them by the Attorney General where the Attorney General did
   not exceed his authority in initiating those suits; jurisdiction of
   the matter is in the Court of Claims (MCLA 600.6401 *et seq.;*
   MSA 27A.6401 *et seq.*).

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted October 11, 1977, at Lansing. (Docket No.
31155.) Decided December 2, 1977.

Complaint by the Michigan State Chiropractic

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 20 Am Jur 2d, Courts §§ 93, 94.
[2] 73 Am Jur 2d, Statutes §§ 272, 273.

Association against Frank J. Kelley, Stanley D. Steinborn, and Gay S. Hardy, personally and not in their capacities as Attorney General, Deputy Attorney General and Assistant Attorney General, respectively, and others for damages allegedly caused to the reputations of the plaintiff association and several of its individual members by the initiation of certain civil suits by the Attorney General to restrain the practice of medicine without a license. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Durant & Card,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick F. Isom,* Assistant Attorney General, for defendants.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

PER CURIAM. Plaintiff-appellant appeals from the trial court's grant of a motion for accelerated judgment. The trial court ruled that it was without subject matter jurisdiction, such jurisdiction being in the Court of Claims.

Plaintiff association alleges that the reputations of both it and certain individuals who are members of it were damaged by the initiation of certain civil suits by the Attorney General to restrain the practice of medicine without a license. It further alleges that defendants-appellees violated certain procedures required by MCLA 338.22; MSA 18.1207 and that they therefore exceeded their authority. Plaintiff-appellant asserts that as a result of exceeding their authority the defendants-

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

appellees are subject to personal liability in the circuit court.

The statute relied on by plaintiff-appellant empowers the Department of Licensing and Regulation to investigate complaints against licensees where an appropriate board fails to act. It requires the department to forward its findings to the appropriate board for action. Here, the department apparently communicated its investigations to the Attorney General, who instituted the suits referred to above.

We find that the procedure followed was not consistent with the statute. The Attorney General, if he chose to act, should have done so *ex rel* the Medical Practice Board. However, that the Attorney General did not sue *ex relatione* does not mean he exceeded his authority and is therefore subject to personal liability. He has the authority to sue to abate a public nuisance, which an unlawful activity is. *Attorney General ex rel Optometry Board of Examiners v Peterson,* 381 Mich 445; 164 NW2d 43 (1969). Further, he has statutory and common law authority to act on behalf of the people of the State of Michigan in any cause or matter, such authority being liberally construed. MCLA 14.28; MSA 3.181; *People v O'Hara,* 278 Mich 281; 270 NW 298 (1936), *Attorney General v Liquor Control Commission,* 65 Mich App 88; 237 NW2d 196 (1975). Such liberally construed authority and discretion should only be interfered with where his actions are clearly inimical to the people's interest. *Gremore v People's Community Hospital Authority,* 8 Mich App 56; 153 NW2d 377 (1967). Here the action was clearly beneficial to the people of Michigan, the unlawful practice of medicine being harmful to public safety.

The Attorney General acted within his broad

authority, although a proceeding *ex rel* the Medical Practice Board would have been more proper procedurally. The ramifications of the procedure employed are not here at issue, although they would be on appeal from the injunction proceedings.

The Attorney General was perfectly within his authority. Therefore, jurisdiction lies in the Court of Claims. *Abbott v Secretary of State,* 67 Mich App 344; 240 NW2d 800 (1976), *Longstreet v County of Mecosta,* 228 Mich 542; 200 NW 248 (1924), *Fox v Board of Regents of the University of Michigan,* 375 Mich 238; 134 NW2d 146 (1965), MCLA 600.6401 *et seq.;* MSA 27A.6401 *et seq.*

Affirmed.