**Earnest HUMPHREY, Plaintiff,**

v.

**Mary Elizabeth KLEINHARDT, Defendant.**

No. 1:93cv623.

United States District Court, W.D. Michigan.

March 7, 1994.

Earnest Humphrey, pro se.

Christine M. Campbell, Frank J. Kelley, Atty. Gen., Corrections Div., Lansing, MI, for defendant.

*OPINION*

BRENNEMAN, United States Magistrate Judge.

Plaintiff has filed a motion to disqualify Michigan's Attorney General as counsel for the defense (docket no. 3–1).

 It has been long established that the Attorney General is the sole and proper legal representative of the State and its officers. *People v. Navarre,* 22 Mich. 1 (1870); *Babcock v. Hanselman,* 56 Mich. 27, 22 N.W. 99 (1885); *Jennings v. State Veterinary Board,* 156 Mich. 417, 120 N.W. 785 (1909). This authority is vested in the Attorney General by both statute, see, e.g., MCL §§ 14.28, 14.29 and 14.101; and common law. In *Mundy v. McDonald,* 216 Mich. 444, 185 N.W. 877 (1921), the State Supreme Court observed that

> "the office of Attorney General is ancient in its origin and history, and it is generally held by the States of the Union that the Attorney General has a wide range of powers at common law. These are in addition to his statutory powers. [citations omitted]."

The Attorney General's authority under statute and common law unquestionably gives him the right to act on behalf of the people of the State of Michigan in any cause or matter, such authority being liberally construed. *Michigan State Chiropractic Association v. Kelley,* 79 Mich.App. 789, 262 N.W.2d 676 (1977); MCL § 14.28.

 The Attorney General has determined that actions brought against state agencies for personal injury allegedly caused by state employees while acting in the course of their employment and within the scope of their authority are matters of serious concern to both state government and the public interest of Michigan. Op.Atty.Gen. 6295 (May 15, 1985). Such actions generally seek relief which will impact the State, in this case its department of corrections, and often seek as well damages which may be paid with monies appropriated by the legislature from the State treasury. See MCL § 18.1396. Even a cursory perusal of the dockets of the federal courts of this State, and the state courts, would reveal that the Attorney General has represented the Michigan Department of Corrections and its employees in countless proceedings of a nature similar to this case over the years with the tacit, if not explicit, approval of those courts. As previously noted, the authority of the Attorney General of the State of Michigan is to be liberally construed, and his discretion in determining which matters are ones of appropriate concern should only be interfered with where his actions are found to be clearly inimicable to the people's interest. *Michigan State Chiropractic Association v. Kelley, supra.* There is certainly no basis for such a finding under these circumstances.

The motion will be Denied.