**STATE OF MICHIGAN ex rel. Frank J. KELLEY, Plaintiff,**

v.

**C.R. EQUIPMENT SALES, INC., et al., Defendants.**

**No. 5:94–CV–167.**

United States District Court, W.D. Michigan, Southern Division.

June 6, 1995.

---

Patrick J. Berardo, Thrun, Maatsch & Nordberg, PC, Lansing, MI, Robert C. Ward, Jr., Frank J. Kelley, Attorney General, Consumer Protection Division, Lansing, MI, Richard Alan Arnold, Kenny, Nachwalter, Seymour & Arnold, PA, Miami, FL, for State of Michigan, Addison Community Schools, Airport Community Schools, Akron–Fairgrove Schools, Alba Public School District and Zeeland Public Schools.

Lawrence J. Emery, Lawrence J. Emery, PC, Lansing, MI, for C.R. Equipment Sales, Inc. and James Bigelow.

Douglas J. Brackmann, Wesseling & Brackmann, PC, Hudsonville, MI, for Great Lakes Coach Sales, Inc. and Robert Haithwaite.

Richard C. Kraus, Farhat, Story & Kraus, PC, East Lansing, MI, for McFadden Corporation.

Kenneth G. McIntyre, Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, PC, Lansing, MI, for Howard R. Messenger.

Miles J. Murphy, III, Cholette, Perkins & Buchanan, Grand Rapids, MI, Richard P. Condit, Condit, McGarry & Schloff, PC, Bloomfield Hills, MI, for Wolverine Transportation, Inc. and Don Picmann.

Wolverine Transportation, Inc., Bloomfield Hills, MI, pro se.

Don Picmann, Bloomfield Hills, MI, pro se.

Judy E. Bregman, Bregman & Welch, Grand Haven, MI, Charles S. Rominger, Dilley & Rominger, Grand Rapids, MI, for Hoekstra Truck Equipment Company, Inc. and John Hoekstra.

Larry C. Willey, Grand Rapids, MI, Raymond E. Beckering, III, Larry Willey Law Offices, Grand Rapids, MI, for Ride Equipment, Inc. and Fredric Kelly.

### OPINION

BENJAMIN F. GIBSON, District Judge.

This civil antitrust action arises out of the sale of school buses. Pending before the Court are motions to dismiss, to strike, and for summary judgment. For the following reasons, the Court will deny the motions.

## I.

Plaintiff, the State of Michigan *ex rel.* Frank J. Kelley, its Attorney General, filed

this action on behalf of over five hundred public school districts in Michigan's Lower Peninsula against six corporate and six individual defendants, asserting violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Michigan Antitrust Reform Act, Mich. Comp. Laws Ann. §§ 445.771 *et seq.* (West 1989). Plaintiff alleges that defendants conspired and agreed not to compete on contracts for the sale of school buses, school bus bodies, and school bus parts. In response to ·plaintiff's complaint, defendants filed the instant motions.

## II.

■ In reviewing defendants' requests for dismissal, the Court must accept as true the material allegations in plaintiff's complaint. *Summit Health Ltd. v. Pinhas,* 500 U.S. 322, 325, 111 S.Ct. 1842, 1844, 114 L.Ed.2d 366 (1991). The Court must construe the complaint in the light most favorable to plaintiff. However, the Court is not required to accept as true plaintiff's legal conclusions or any unwarranted factual inferences. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

■ Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988). In ruling on a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

## III.

Various defendants argue that plaintiff failed to plead fraudulent concealment adequately and that the Court should therefore strike the allegations or dismiss plaintiff's

Sherman Act claim because it is barred by the statute of limitations. In the alternative, various defendants request that the Court grant summary judgment in their favor on plaintiff's Sherman Act claim, based upon the statute of limitations.

■ Under Section 4B of the Clayton Act, 15 U.S.C. § 15b, a plaintiff must file a civil antitrust action within four years from the date the cause of action accrues. The cause of action accrues from the defendant's last overt act. *Peck v. General Motors Corp.,* 894 F.2d 844, 848–49 (6th Cir.1990). Whether plaintiff's injuries occurred in the limitations period is irrelevant. *Id.* at 849. "For statute of limitations purposes, therefore, the focus is on the timing of the causes of injury, i.e., the defendant's overt acts, as opposed to the effects of the overt acts." *Id.* (citation omitted).

■ The statute of limitations is tolled "where a plaintiff did not file its action in time because of ignorance resulting from a defendant's fraudulent concealment." *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 392 (6th Cir.1975) (citations omitted); *see also Pinney Dock & Transport Corp. v. Penn Central Corp.,* 838 F.2d 1445, 1465–66 (6th Cir.1988), *cert. denied,* 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988). The plaintiff must plead with particularity the facts supporting fraudulent concealment. *Dayco Corp.,* 523 F.2d at 394 (citing Fed. R.Civ.P. 9(b)); *Pinney Dock,* 838 F.2d at 1465. In asserting this doctrine, the plaintiff must plead and prove the following three elements:

(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.

*Dayco Corp.,* 523 F.2d at 394 (citation omitted).

■ To satisfy the first element in an antitrust action, the plaintiff must plead affirmative acts of concealment. *Pinney Dock,* 838 F.2d at 1472. In *State ex rel. Fisher v. Louis Trauth Dairy, Inc.,* 856 F.Supp. 1229,

1236 (S.D.Ohio 1994), the plaintiff alleged that the defendants fraudulently concealed their conspiracy by submitting prearranged complementary losing bids on contracts to give the illusion of competition. Based upon the Sixth Circuit's discussion in *Pinney Dock*, the *Louis Trauth Dairy* court held that the plaintiff had satisfied the first element. *Id.* at 1237. In *Pinney Dock*, the Sixth Circuit cited a case in which the defendants submitted prearranged losing bids "to give the illusion of competition" and maintained equipment "to give the false impression that excessive bids on particular projects were the result of equipment availability rather than of the unlawful conspiracy." *Pinney Dock*, 838 F.2d at 1473. The Sixth Circuit stated that these were examples of affirmative acts. *Id.* This Court agrees with the *Louis Trauth Dairy* court's conclusion that therefore submission of prearranged losing bids may constitute an affirmative act of concealment.

■ Plaintiff alleges that defendants submitted complementary, prearranged losing bids to give the illusion of competition, destroyed documents, and concealed public records. Based upon these allegations, the Court finds that plaintiff has adequately plead the first element.

■ In essence, the second and third elements require the plaintiff to plead and prove "that he neither knew nor should have known of his potential claims, despite due diligence." *Louis Trauth Dairy*, 856 F.Supp. at 1237. The plaintiff must allege all facts and circumstances surrounding discovery of the cause of action so that the Court can determine whether the plaintiff exercised the requisite due diligence. *Dayco Corp.*, 523 F.2d at 394; *Pinney Dock*, 838 F.2d at 1465. In *Louis Trauth Dairy*, the plaintiff alleged that it did not learn of the cause of action despite due diligence through its use of sealed bids and its inquiries. *Louis Trauth Dairy*, 856 F.Supp. at 1236. The court held that this allegation was sufficient to plead the final two elements. *Id.* at 1238.

■ Plaintiff alleges that the school districts exercised due diligence to detect collusive bidding by using a sealed bid system in awarding school bus contracts. Plaintiff further alleges that some of the districts became suspicious about the bidding when they received subpoenas from the United States Department of Justice requesting their bus bidding documents. The Court finds that plaintiff has adequately plead lack of knowledge and due diligence. Accordingly, the Court will deny the motions to strike the fraudulent concealment allegations and the motions to dismiss based upon the statute of limitations.

■ Upon review of the evidence plaintiff has submitted, the Court finds that plaintiff has demonstrated a genuine issue of material fact regarding accrual of the cause of action and fraudulent concealment. Because summary judgment would be premature at this juncture, the Court will deny the motions for summary judgment based upon the statute of limitations. The Court notes that after discovery plaintiff will have the burden of proving the elements of fraudulent concealment as to each of the school districts and each defendant. *Louis Trauth Dairy*, 856 F.Supp. at 1239.

### IV.

■ Several defendants assert that plaintiff lacks standing to bring this action. Michigan's Attorney General has broad authority to prosecute actions when to do so is in the interest of the state. First, Michigan statutory law provides as follows:

> The attorney general shall prosecute and defend all actions in the supreme court, in which the state shall be interested, or a party ... and may, when in his own judgment the interests of the state require it, intervene in and appear for the people of this state in any other court or tribunal, in any cause or matter, civil or criminal, in which the people of this state may be a party or interested.

Mich. Comp. Laws Ann. § 14.28 (West 1994). In addition, "the attorney general has a wide range of powers at common law." *Mundy v. McDonald*, 216 Mich. 444, 450, 185 N.W. 877 (1921). Thus, the Attorney General "has statutory and common law authority to act on behalf of the people of the State of Michigan in any cause or matter, such authority being liberally construed." *Michigan State*

*Chiropractic Ass'n v. Kelley,* 79 Mich.App. 789, 262 N.W.2d 676, 677 (1977) (citations omitted); *see also Mundy,* 216 Mich. at 450, 185 N.W. 877 (Attorney General has broad discretion "in determining what matters may, or may not, be of interest to the people generally.").

■ The Court should only prohibit the Attorney General from intervening or bringing an action when to do so "is clearly inimical to the public interest." *In re Intervention of Attorney Gen.,* 326 Mich. 213, 40 N.W.2d 124, 126 (1949) (citation omitted); *see also Michigan State Chiropractic Ass'n,* 262 N.W.2d at 677. Although a procedural distinction exists between intervention and initiating an action, "there is merger of purpose, by reason of public policy, when the interests of the State call for action by its chief law officer and there is no express legislative restriction to the contrary." *In re Lewis' Estate,* 287 Mich. 179, 184, 283 N.W. 21 (1938).

Defendants do not contend that any statute restricts the Attorney General's authority to bring this action. Thus, the Court must determine whether the action is in the state's interest. Defendants assert that this action is not of interest to the people of Michigan generally. Instead, they argue that it encompasses only the local interest of each school district to recover the district's losses.

For example, defendants rely upon *Attorney General ex rel. Lockwood v. Moliter,* 26 Mich. 444 (1873), in which the Attorney General brought an action to recover money illegally paid out of the county treasury and to enjoin further payment. The Michigan Supreme Court held that the action "is not in its civil aspect, a matter of state concern, but is rather a local corporate interest or right of action, subject to be sued for by the county." *Id.* at 447. The Court noted that to hold otherwise would result in the Attorney General prosecuting numerous local matters:

> Merely local financial matters, often trivial in amount and devoid of state interest, will become common subjects of chancery litigation in this way, to test the validity or

regularity of municipal action, and not seldom chiefly to gratify a litigious temper.

*Id.* at 448.

■ The Attorney General brings this action on behalf of over five hundred school districts. This is not an action on behalf of one local unit of government to recover financial losses. Moreover, each district receives state funding. Therefore, every Michigan taxpayer has an interest in this action. The Court finds that this case does not constitute a purely local financial concern. The Court further finds that the action is in the public interest. Accordingly, the Court finds that the Attorney General has standing to prosecute this action. The Court will deny defendants' motions.

## V.

For the foregoing reasons, the Court finds that plaintiff has adequately alleged fraudulent concealment. According, the Court will deny the motions to strike the fraudulent concealment allegations and the motions to dismiss based upon the statute of limitations. The Court further finds that plaintiff has demonstrated a genuine issue of material fact regarding accrual of the cause of action and fraudulent concealment. Because summary judgment would be premature at this time, the Court will deny the motions for summary judgment based upon the statute of limitations.

Finally, the Court finds that this matter is of interest to the people of Michigan and that therefore the Attorney General has standing to prosecute the action on behalf of the public school districts. The Court will deny the motions to dismiss based upon standing.