553 N.W.2d 664 (1996)
218 Mich. App. 151
In the Matter of the ESTATE OF William W. FREEMAN, Deceased.
KANTNER & ASSOCIATES, Appellant,
v.
The WILLIAM W. FREEMAN MARITAL TRUST and The William W. Freeman Family Trust, Appellee.
Docket No. 182083.
Court of Appeals of Michigan.
Submitted July 9, 1996, at Grand Rapids.
Decided August 6, 1996, at 9:10 a.m.
Released for Publication September 27, 1996.
Kantner & Associates by Robert W. Roddis, Ann Arbor, for appellant.
*665 Stein, Moran, Raimi & Goethel, P.C. by Michael C. Moran, Ann Arbor, for the William W. Freeman Marital Trust and the William W. Freeman Family Trust.
Before DOCTOROFF, C.J., and WAHLS and SMOLENSKI, JJ.
PER CURIAM.
This case arose out of litigation regarding a trust created by the decedent, William W. Freeman. Following the disposition of the case by the Washtenaw County Probate Court, the law firm of Kantner & Associates appealed the probate court's ruling regarding payment of attorney fees from the trust account. Appellant argues that its legal work for relatives of the decedent involved the trust, and therefore the lower court should have ordered that full compensation for the law firm's services be taken from funds in the trust. We find that this Court lacks jurisdiction to hear this matter, and thus dismiss appellant's appeal.
John Freeman, the son of the decedent, was formerly married to Dianne Freeman Scharrer, with two male children resulting from the marriage. Following their divorce, Scharrer retained physical custody of the boys. In 1990, Scharrer hired attorney Robert W. Roddis of appellant law firm, Kantner & Associates. In addition to performing other legal work for Scharrer, Roddis was asked to protect the interests of the two minor children with respect to the trust formed by the decedent. Roddis represented the two boys regarding their interests until August 4, 1993. At that time, the probate court found that the two children of John Freeman and Dianne Freeman Scharrer should be represented by an independent counsel, and thus appointed a guardian ad litem for the minor boys.
By stipulation, the parties to the probate court lawsuit agreed regarding the construction of the trust left by the decedent. Decedent's original intervivos trust was construed as two subtrusts; a marital trust and a family trust. The original trust was divided, in part, to permit the estate to take maximum advantage of the marital deduction for federal estate tax purposes. The majority of the estate was transferred to the marital trust, while the amount in the family trust was not to exceed $640,000. The parties to the probate court proceedings further agreed that the guardian ad litem's legal fees, the tax attorney's legal fees, and the accountant's fees would be paid from one of the resulting trusts. The parties stipulated that the probate court would decide what proportion of Scharrer's legal bills, which were owed to appellant, would be paid out of the trusts.
On October 4, 1994, the probate court held a hearing at which Roddis testified. He stated that he was initially hired by Scharrer to represent her in a family law matter, but that she also asked him to represent her and her children regarding their rights in the trust left by the decedent. Roddis further testified that he advised his client that he would attempt to have his fees paid from the estate or the trusts, but that ultimately she would be responsible for the fees.
On November 23, 1994, the probate court entered an order that the family trust would pay one half of appellant's fees that were incurred by Dianne Freeman Scharrer regarding her sons' interest in the trusts. Scharrer and the law firm then filed a petition to amend the order, but the probate court affirmed its order apportioning the attorney fees. On January 4, 1995, Roddis' law firm, Kantner & Associates, filed this appeal, seeking full payment from the trusts for its legal fees regarding the representation of the minor sons of Scharrer. On July 12, 1995, appellees moved to dismiss the appeal, and on August 8, 1995, appellant moved to add Dianne Freeman Scharrer as a party to the appeal. A previous panel of this Court denied both motions. Unpublished order of the Court of Appeals, entered December 27, 1995 (Docket No. 182083). Appellees now contend that, because appellant was not a party aggrieved by the probate court's order, this Court has no jurisdiction to hear the appeal. We agree and dismiss the appeal.
MCR 7.203 provides in relevant part:
(A) Appeal of Right. The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:

* * * * * *

*666 (2) A judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law. [Emphasis added.]
Under MCR 7.203, the term "aggrieved party" is defined as "one whose legal right is invaded by an action, or whose pecuniary interest is directly or adversely affected by a judgment or order. It is a party who has an interest in the subject matter of the litigation." 6 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed, 1992), authors' comment on Rule 7.203, § 1, pp. 138-139. "[I]f a person has not been represented at trial and the judgment of the [lower] court directly affects the interests of the person, that person will be considered an aggrieved party on appeal. Such persons clearly have an interest in the subject matter of the litigation." Michigan Court Rules Practice, supra at § 1, p. 139. Thus, we must determine whether the law firm has an interest in the subject matter of the litigation, i.e., decedent's estate and the two trusts. Under the Revised Probate Code, M.C.L. § 700.1 et seq.; M.S.A. § 27.5001 et seq., the law firm is not an heir to decedent's estate, M.C.L. § 700.6(3); M.S.A. § 27.5006(3), is not a devisee from decedent's will, M.C.L. § 700.4(2); M.S.A. § 27.5004(2), is not a distributee, M.C.L. § 700.4(5); M.S.A. § 27.5004(5), and is not a beneficiary of either trust, M.C.L. § 700.3(2); M.S.A. § 27.5003(2). In addition, a lawyer is forbidden by the Michigan Rules of Professional Conduct from acquiring a proprietary interest in a cause of action or the subject matter of litigation. MRPC 1.8(j). Accordingly, the law firm does not have, and ethically may not acquire, an interest in the subject matter of the litigation. Thus, the law firm is not an "aggrieved party" pursuant to MCR 7.203, and it lacked standing to file this appeal.
The finding that this Court lacks jurisdiction to hear this appeal is further supported by M.C.L. § 600.308; M.S.A. § 27A.308:
(1) The court of appeals has jurisdiction on appeals from the following orders and judgments which shall be appealable as a matter of right:

* * * * * *
(b) Those orders of the probate court from which an appeal as of right may be taken under section 861 [600.861; MSA 27A.861].
M.C.L. § 600.861; M.S.A. § 27A.861 states that a party to a proceeding in the probate court may appeal the following, as a matter of right, to the Court of Appeals:
A final order affecting the rights or interests of any interested person in an estate or trust. [MCL 600.861(a); MSA 27A.861(a).]
As noted above, the Michigan Rules of Professional Conduct forbid a lawyer from acquiring a proprietary interest in a cause of action or the subject matter of litigation. MRPC 1.8(j). Accordingly, appellant could not ethically acquire a "right or interest" in the estate or trusts, and thus it could not meet the requirements of the statute. Because appellant could not comply with M.C.L. § 600.861; M.S.A. § 27A.861, this Court lacks jurisdiction to hear this matter.
Although it may appear that the law firm's pecuniary interest was directly affected or has been adversely affected by the probate court's decision, such a position assumes that the fees must be paid by the estate or the trusts. Under the American rule, in the absence of a statute to the contrary, each party in a lawsuit is responsible to pay its own attorney fees. Howard v. Canteen Corp., 192 Mich.App. 427, 437, 481 N.W.2d 718 (1992). Thus, because there is no statute requiring the estate to pay her legal fees, Dianne Freeman Scharrer, the individual who hired appellant, was responsible for its fees. The law firm's sole pecuniary interest lay in collecting its fees. Appellant would gain no benefit by having its fees paid from one of the trusts as opposed to receiving its payment from Scharrer. Thus, the law firm is not a party aggrieved by the probate court's ruling and it lacks standing to proceed in this matter. The only person who was potentially aggrieved by the probate court's order of payment of attorney fees was Scharrer. Because the allegedly aggrieved individual was not a party to this appeal, this Court lacks jurisdiction over the matter.
With respect to the order apportioning payment of legal fees from the family trust, *667 appellant was not an "aggrieved party" pursuant to MCR 7.203. In addition, appellant was forbidden from acquiring an interest in the decedent's estate or trusts and thus could not comply with the standing requirement of M.C.L. § 600.861; M.S.A. § 27A.861. Accordingly, appellant's claim is dismissed for lack of jurisdiction.
Dismissed.