DEPARTMENT OF CONSUMER AND INDUSTRY SERVICES v SHAH

Docket No. 208877. Submitted June 8, 1999, at Lansing. Decided June 25, 1999, at 9:25 A.M. Leave to appeal sought.

The Department of Consumer and Industry Services filed with the Disciplinary Subcommittee of the Board of Medicine an administrative complaint charging Dienschandra Shah with seven separate violations of provisions of § 16221 of the Public Health Code, MCL 333.16221; MSA 14.15(16221). The department alleged that Dr. Shah and his solely owned professional corporation had fraudulently billed Blue Cross and Blue Shield of Michigan for medical services not actually performed and that the corporation, in a separate criminal proceeding, had pleaded no contest to a violation of § 492a of the Penal Code, MCL 750.492a; MSA 28.760(1), which makes it a crime to alter a medical record. The charges brought by the department against Dr. Shah all related to alleged violations of provisions of § 16221 relating to billing practices. Following a hearing, a referee issued a proposal for decision that recommended that all of the charges against Dr. Shah be dropped. The subcommittee adopted the referee's recommendation and dismissed the charges. The department appealed.

The Court of Appeals *held*:

1. The Department of Consumer and Industry Services, as the agency charged with enforcing the Public Health Code, has a cognizable interest in ensuring the proper application of the public health laws in administrative proceedings, because misconstruction or improper application of the public health laws would hinder its ability to enforce the law as the Legislature intended. Accordingly, the department is an aggrieved party within the meaning of MCR 7.203(A) and may properly appeal a final order of the disciplinary subcommittee to the Court of Appeals.

2. Because the order of the disciplinary subcommittee was entered after January 1, 1995, review of the matter was by an appeal of right to the Court of Appeals pursuant to subsection 6 of § 16237 of the Public Health Code, MCL 333.16237(6); MSA 14.15(16237)(6).

3. Subsection b(viii) of § 16221 of the Public Health Code, MCL 333.16221(b)(viii); MSA 14.15(16221)(b)(viii), subjects a licensee to

discipline if the licensee is convicted of violating § 492a of the Penal Code. Although subsection 16221(b)(viii) allows a disciplinary subcommitteee to proceed with the imposition of sanctions upon a finding of a conviction of § 492a and allows a certified copy of a court record to be conclusive evidence of the conviction, there is no indication that the Legislature intended that the conviction of a person other than the person being charged under subsection 16221(b)(viii) could be used to satisfy the evidentiary requirements of that subsection. Accordingly, the referee properly concluded that the criminal conviction of the professional corporation did not act as a conviction of Dr. Shah for the purposes of subsection 16221(b)(viii), and the disciplinary subcommittee properly dismissed the charge brought under that subsection.

4. Although the charge brought under subsection 16221(b)(ix), MCL 333.16221(b)(ix); MSA 14.15(16221)(b)(ix) differs from the charge brought under subsection 16221(b)(viii) in that subsection 16221(b)(ix) involves any criminal conviction involving fraud in obtaining fees related to the medical profession while subsection 16221(b)(viii) involves only convictions under § 492a of the Penal Code, they are similar in that they each require a criminal conviction and both allow proof of the criminal conviction to establish the disciplinary charge. For the same reason that a criminal conviction of a professional corporation under § 492a of the Penal Code will not support a disciplinary charge brought against a licensed professional under subsection 16221(b)(viii), a criminal conviction of a professional corporation of a crime involving fraud in billing for professional services will not support a disciplinary charge brought against a licensed professional under subsection 16221(b)(ix). Accordingly, the disciplinary subcommittee properly dismissed the charge brought under subsection 16221(b)(ix).

5. Because there is no suggestion that Dr. Shah had been the subject of a criminal conviction or disciplinary action in another state, he had no duty under MCL 333.16222(3); MSA 14.15(16222)(3) to make a report to the department with regard to such conviction or action and, thus, could not be found to be in violation of MCL 333.16221(h); MSA 14.15(16221)(h) for failing to make such a report.

6. Notions of equity and justice do not require the piercing of the corporate veil in order to allow the department to use the criminal conviction of the professional corporation to support its charges against Dr. Shah under subsections 16221(b)(viii) and 16221(b)(ix). The charges brought by the department against Dr. Shah included charges that he personally engaged in fraud or deceit in obtaining third-party reimbursement and in misrepresentations in obtaining

reimbursement, charges that if proved by the department would have obviated the need to impute to Dr. Shah the conviction of the professional corporation.

Affirmed.

1. APPEAL — PUBLIC HEALTH CODE — DISCIPLINARY SUBCOMMITTEES — DEPART- MENT OF CONSUMER AND INDUSTRY SERVICES — STANDING — AGGRIEVED PARTIES.

The Department of Consumer and Industry Services, as the agency charged with enforcing the Public Health Code, has a cognizable interest in ensuring the proper application of the public health laws in administrative proceedings; accordingly, the department is an aggrieved party and may properly appeal to the Court of Appeals a final order of a disciplinary subcommittee created under the provisions of the Public Health Code (MCL 333.16237[6]; MSA 14.15[16237][6]; MCR 7.203[A]).

2. APPEAL — PUBLIC HEALTH CODE — DISCIPLINARY SUBCOMMITTEES.

Appeals of final orders of disciplinary subcommittees created pursuant to the provisions of the Public Health Code that are entered after January 1, 1995, are appealable by right to the Court of Appeals (MCL 333.16237[6]; MSA 14.15[16237][6]).

3. ADMINISTRATIVE LAW — PUBLIC HEALTH CODE — LICENSED MEDICAL PROFES- SIONAL — DISCIPLINARY PROCEEDINGS — EVIDENCE — CRIMINAL CONVIC- TIONS — PROFESSIONAL CORPORATIONS.

A conviction of the wholly owned professional corporation of a licensed medical professional of a crime involving either the alter- ing of a medical record or fraud in obtaining the reimbursement of fees may not be imputed to the licensed professional for the pur- pose of disciplinary proceedings brought pursuant to the provisions of the Public Health Code that provide for disciplinary actions of licensed professionals on the basis of a conviction of altering a medical report or fraudulently obtaining the reimbursement of fees (MCL 333.16221[b][viii], 333.16221[b][ix]; MSA 14.15[16221][b][viii], 14.15[16221][b][ix]).

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Lamont M. Walton,* Assistant Attorney General, for the plaintiff.

*Butzel Long* (by *Max R. Hoffman, Jr.*), for the defendant.

Before: NEFF, P.J., and HOOD and MURPHY, JJ.

Murphy, J. Petitioner, the Department of Consumer and Industry Services, appeals as of right from a final order of dismissal issued by the Disciplinary Subcommittee of the Board of Medicine. Petitioner alleged that respondent and his solely owned professional corporation, Cardiology Group of Lansing, P.C. (hereinafter PC), fraudulently billed Blue Cross and Blue Shield of Michigan (BCBSM) for cardiology services not actually rendered. After a separate criminal proceeding, in which the PC pleaded no contest to altering a medical record, MCL 750.492a(1)(b); MSA 28.760(1)(1)(b), petitioner charged respondent, personally, with violating seven sections of article 15 of the Public Health Code, MCL 333.16101 *et seq.*; MSA 14.15(16101) *et seq.* None of the charges alleged that respondent injured his patients or rendered inappropriate care in any way. Following a hearing, a hearing referee issued a proposal for decision, recommending that all charges against respondent be dismissed. On December 23, 1997, the disciplinary subcommittee adopted the hearing referee's recommendation and dismissed the charges against respondent. We affirm.

Preliminarily, respondent contends that petitioner lacks standing to appeal the decision of the disciplinary subcommittee to this Court. Whether petitioner has standing to bring this appeal is a question of law that we review de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

MCR 7.203(A)(2) provides that this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule."

Subsection 16237(6) of the Public Health Code, MCL 333.16237(6); MSA 14.15(16237)(6), provides:

> A final decision of a disciplinary subcommittee rendered after the effective date of the amendatory act that added this section but before January 1, 1995 may be appealed only in the manner provided in sections 103 to 106 of the administrative procedures act of 1969, being sections 24.303 to 24.306 of the Michigan Compiled Laws. *A final decision of a disciplinary subcommittee rendered on or after January 1, 1995 may be appealed only to the court of appeals. An appeal filed under this subsection is by right.* [Emphasis supplied.]

Accordingly, the final order of the disciplinary subcommittee, issued December 23, 1997, dismissing the charges against respondent, is appealable to this Court as of right pursuant to subsection 16237(6) as long as petitioner qualifies as an "aggrieved party" as contemplated by MCR 7.203(A)(2).

To have standing to appeal means that a person must be "aggrieved" by a lower body's decision. MCR 7.203(A). This Court has defined the term "aggrieved party" as " 'one whose legal right is invaded by an action, or whose pecuniary interest is directly or adversely affected by a judgment or order. It is a party who has an interest in the subject matter of the litigation.' " *In re Freeman Estate*, 218 Mich App 151, 155; 553 NW2d 664 (1996), quoting 6 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed, 1992), authors' comment regarding Rule 7.203, § 1, pp 138-139. A party is not "aggrieved" if the order appealed from is in its favor. *Kocenda v Archdiocese of Detroit*, 204 Mich App 659, 666; 516 NW2d 132 (1994).

As an agency charged with enforcing the Public Health Code, MCL 333.16221; MSA 14.15(16221), peti-

tioner has a cognizable interest in ensuring that a hearing referee properly applies the law in an administrative proceeding. In other words, petitioner has an interest in the litigation because misconstruction or improper application of the law would hinder its ability to enforce the law as the Legislature intended. Compare, generally, *Attorney General v Liquor Control Comm*, 65 Mich App 88, 92-93; 237 NW2d 196 (1977) (the Attorney General had standing to intervene because he had broad statutory authority to protect Michigan citizens). Further, this Court has implicitly found that petitioner is an aggrieved party that may appeal to this Court a final order of a disciplinary subcommittee. See *Dep't of Consumer & Industry Services v Hoffmann*, 230 Mich App 170; 583 NW2d 260 (1998).

Finally, we reject respondent's contention that the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, prohibits petitioner from bringing the instant appeal. As indicated above, because the disciplinary committee's decision was issued on December 23, 1995, the APA does not govern who can bring the instant appeal. MCL 333.16237(6); MSA 14.15(16237)(6).

Therefore, we conclude that petitioner is an aggrieved party with standing to appeal the decision of the disciplinary subcommittee to this Court as of right.

Turning to the merits of petitioner's appeal, petitioner argues that the disciplinary subcommittee erred in adopting the decision of the hearing referee, who concluded that the criminal conviction of respondent's PC cannot be used to impute culpability to respondent under the Public Health Code. Statu-

tory interpretation is a question of law subject to review de novo on appeal. *Attorney General v Public Service Comm*, 227 Mich App 148, 153; 575 NW2d 302 (1997).

Relevant to this appeal, petitioner charged respondent with violating three subsections of the Public Health Code, namely, subsections b(viii), b(iv) and h of § 16221. Section 16221 provides, in pertinent part, as follows:

> The department may investigate activities related to the practice of a health profession by a licensee, a registrant, or an applicant for licensure or registration. The department may hold hearings, administer oaths, and order relevant testimony to be taken and shall report its findings to the appropriate disciplinary subcommittee. The disciplinary subcommittee shall proceed under section 16226 if it finds that 1 or more of the following grounds exist:
>
> *    *    *
>
> (b) Personal disqualifications, consisting of 1 or more of the following:
>
> *    *    *
>
> (viii) Conviction of a violation of section 492a of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being section 750.492a of the Michigan Compiled Laws. A certified copy of the court record is conclusive evidence of the conviction.
>
> (ix) Conviction of a misdemeanor or felony involving fraud in obtaining or attempting to obtain fees related to the practice of a health profession. A certified copy of the court record is conclusive evidence of the conviction.
>
> *    *    *
>
> (h) Failure to comply with a subpoena issued pursuant to this part, failure to respond to a complaint issued under this article or article 7, failure to appear at a compliance confer-

ence or an administrative hearing, or failure to report under
section 16222 or 16223.

The hearing referee determined that, because
respondent had not been convicted of a crime and
only the PC stood convicted, petitioner could not pro-
ceed against respondent under subsections b(viii) and
b(ix) and respondent had nothing to report under
§ 16222, MCL 333.16222; MSA 14.15(16222), or
§ 16223, MCL 333.16223; MSA 14.15(16223), thereby
precluding petitioner from proceeding against respon-
dent under subsection h. As a result, the hearing ref-
eree recommended that the disciplinary subcommit-
tee dismiss these charges, and the subcommittee
agreed.

Both petitioner and respondent frame this issue on
appeal as if this Court's primary focus should be
interpreting the Professional Service Corporation Act
(PSCA), MCL 450.221 *et seq.*; MSA 21.315(1) *et seq.*,
and subsection 492a(1)(b) of the Penal Code, MCL
750.492a(1)(b); MSA 28.760(1)(1)(b), to determine
whether petitioner may impute the PC's criminal con-
viction to respondent. To the contrary, this Court
must construe the sections of the Public Health Code
that petitioner alleged respondent violated. To do so,
this Court must resort to the rules of statutory con-
struction. Only if the plain language of the statute
itself does not clarify the Legislature's intent regard-
ing imputing a corporation's criminal conviction to its
shareholders should this Court expand its analysis to
incorporate other sources of authority that comment
on the legal relationship between respondent and the
PC, such as the PSCA. See *Kiesel Intercounty Drain
Drainage Dist v Dep't of Natural Resources*, 227 Mich
App 327, 333-334; 575 NW2d 791 (1998); *Auto-*

*Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 50; 575 NW2d 79 (1997).

Subsection 16221(b)(viii) of the Public Health Code subjects a licensee to discipline if the licensee is convicted of violating subsection 492a(1)(b) of the Penal Code, which makes it a crime to alter a medical record. Subsection 16221(b)(viii) permits the department to prove that a licensee unlawfully altered a medical record by merely submitting a "certified copy of the court record" without any additional proof. This appears to create strict liability and surely stems from a policy of adjudicative efficiency. In other words, if a licensee has been determined to have violated subsection 492a(1)(b) of the Penal Code, beyond a reasonable doubt in the criminal courts of this state, it would be a waste of administrative time and resources to relitigate the issue at an administrative level.

However, the question before this Court is whether the entry of a plea of no contest by the PC for a violation of subsection 492a(1)(b) should be imputed to respondent, personally, for purposes of subsection 16221(b)(viii). We conclude that the plain language of subsection 16221(b)(viii) does not permit imputing the PC's conviction to respondent. As reproduced above, subsection 16221(b)(viii) provides that "[t]he disciplinary subcommittee shall proceed under section 16226 if it finds [a] . . . [c]onviction of a violation of section 492a of the Michigan penal code." The Public Health Code defines "conviction" as "a judgment entered by a court upon a plea of guilty, guilty but mentally ill, or nolo contendere or upon a jury verdict or court finding that a defendant is guilty or guilty but mentally ill." MCL 333.16103(5); MSA 14.15(16103)(5).

There is no indication in either statute that the Legislature intended that a conviction of any person other than a licensee be attributed to the licensee for the purpose of disciplinary proceeding under subsection 16221(b)(viii). In this case, the PC stands convicted of a crime, not respondent.

Additionally, subsection 16221(b)(viii) states that a "certified copy of the court record is conclusive evidence of the conviction." This supports, in our view, the narrow and explicit definition of the word "conviction," because it helps to connect a conviction against a licensee in an unrelated criminal proceeding with the disciplinary action before the disciplinary subcommittee by identifying the defendant who was convicted in the criminal proceeding. It would be illogical for the Legislature to establish that a certified court record that does not even mention a licensee could "conclusively" establish the licensee's liability under the Public Health Code.

Accordingly, we conclude that respondent was not "convicted" under § 492a of the Penal Code within the meaning of subsection 16221(b)(viii) and that the disciplinary subcommittee therefore did not err in accepting the hearing referee's recommendation to dismiss this charge.

Petitioner next argues that the disciplinary subcommittee erred in adopting the hearing referee's recommendation to dismiss petitioner's charge that respondent violated subsection 16221(b)(ix) of the Public Health Code. Subsection 16221(b)(ix) differs from subsection 16221(b)(viii) in two ways. First, the Legislature limited discipline under subsection 16222(b)(viii) for a conviction under a particular Michigan criminal law, § 492a of the Penal Code,

while subsection 16221(b)(ix) is a broad provision and subjects a licensee to discipline for any criminal conviction "involving fraud in obtaining or attempting to obtain fees related to the practice of a health profession." Second, to convict an individual under § 492a of the Penal Code a prosecutor must prove that the individual "intentionally, willfully, or recklessly" used misleading or inaccurate information in a medical record. However, subsection 16221(b)(ix) requires proof of criminal fraud in circumstances that may or may not involve medical records.

Nonetheless, the structure of the two subsections is identical in that each is prefaced with the word "conviction" and permits a certified court record to provide conclusive evidence of a relevant conviction. Further, petitioner does not argue that the Legislature intended to give different meanings to subsections 16221(b)(ix) and 16221(b)(viii) to the extent that they both rely on the same terms. Accordingly, as with subsection 16221(b)(viii), we conclude that the Legislature did not intend to permit the disciplinary subcommittee to discipline respondent for the PC's conviction under subsection 16221(b)(ix). Accordingly, the disciplinary subcommittee did not err in dismissing petitioner's charge that respondent violated subsection 16221(b)(ix), because respondent had not been convicted of a crime involving fraudulently receiving or attempting to receive reimbursement for his services.

Petitioner next argues that the disciplinary subcommittee erred in adopting the hearing referee's recommendation to dismiss the charge that respondent violated subsection 16221(h) of the Public Health Code by failing to report conduct described in subsection

16222(3), MCL 333.16222(3); MSA 14.15(16222)(3), which provides:

> A licensee or registrant shall notify the department of a criminal conviction or a disciplinary licensing or registration action taken by another state against the licensee or registrant within 30 days after the date of the conviction or action. This subsection includes, but is not limited to, a disciplinary action that is stayed pending appeal.

This subsection does not attempt to subject a licensee to discipline for the substantive, underlying offense. Rather, it appears to be a way to ensure that petitioner obtains the information it must have to engage in its regulatory function. Further, a construction that only imposes a duty to report disciplinary actions outside Michigan makes sense because the disciplinary subcommittee knows when it disciplines a licensee within this state. Additionally, MCL 769.16a; MSA 28.1086(1) requires the clerk of a court to report to petitioner when an individual licensed under the Public Health Code is convicted of any felony or certain misdemeanors. As a result, there is no need to construe subsection 16222(3) in a way designed to avoid a reporting "loophole" for in-state convictions and disciplinary actions because respondent already receives this information.

Accordingly, because petitioner has never alleged that respondent was convicted of a crime or disciplined in another state, the disciplinary committee did not err in dismissing petitioner's charge that respondent violated subsection 16221(h).

Finally, petitioner contends that because respondent is the PC's sole owner and officer, the disciplinary subcommittee erred in refusing to "pierce the

corporate veil" in order to impute the PC's conviction to respondent. According to petitioner, this would demonstrate that respondent had violated subsections 16221(b)(viii) and 16221(b)(ix) of the Public Health Code and would permit the subcommittee to discipline him as described in § 16226.

Michigan courts typically consider corporations legally distinct from their shareholders, even if a single shareholder owns all the stock. *Bourne v Muskegon Circuit Judge*, 327 Mich 175, 191; 41 NW2d 515 (1950). The same holds true for professional corporations. See *Kline v Kline*, 104 Mich App 700; 305 NW2d 297 (1981). "A court's treatment of a corporate entity clearly rests on notions of equity, whether it is an action at law or at equity." *Id.* at 703. Equity has the "power 'to look through and behind the legal entity of corporate existence.'" *Klager v Robert Meyer Co*, 415 Mich 402, 411; 329 NW2d 721 (1982), quoting *Gledhill v Fisher & Co*, 272 Mich 353; 262 NW 371 (1935). Piercing the corporate veil is appropriate when there is evidence of fraud, illegality, or injustice. *Allstate Ins Co v Citizens Ins Co of America*, 118 Mich App 594, 600-601; 325 NW2d 505 (1982). "Each case involving disregard of the corporate entity rests on its own special facts." *Kline, supra* at 703.

Notions of equity and justice do not require piercing the corporate veil in this case. Petitioner has generally alleged that respondent personally engaged in fraudulent billing practices. The Public Health Code in subsections 16221(d)(iii) and 16221(e)(i), MCL 333.16221(d)(iii), 333.16221(e)(i); MSA 14.15(16221)(d)(iii), 14.15(16221)(e)(i), explicitly provides for direct liability for licensees who engage in fraudulent billing. Specifically, subsection

16221(d)(iii) prohibits "[f]raud or deceit in obtaining third party reimbursement," while subsection 16221(e)(i) prohibits "[m]isrepresentation to a consumer or patient or in obtaining or attempting to obtain third party reimbursement in the course of professional practice." Notably, petitioner charged respondent with violating these very provisions in counts V and VI of its second amended complaint. Consequently, if petitioner had established that respondent violated these sections, the disciplinary subcommittee would have been justified in disciplining respondent without piercing the corporate veil. Petitioner, however, failed to establish violations of these subsections, and petitioner has not appealed the disciplinary subcommittee's decision to dismiss the charges brought under those subsections. Further, we conclude that justice and equity do not require piercing the corporate veil in this case because even where a corporation is wholly owned by a single individual, it is conceivable that the conduct of a corporation that has been judged to be criminal could be attributable to someone other than the corporation's owner, such as a member of the corporation's staff. See *People v American Medical Centers of Michigan*, 118 Mich App 135, 155-156; 324 NW2d 782 (1982). In such a case, piercing the corporate veil to reach the corporation's owner would actually foster injustice and inequity because the owner was not personally responsible for the conduct giving rise to the corporation's conviction.

Accordingly, justice does not demand the piercing of the PC's corporate veil so as to permit the imputation of its conviction to respond to show that respondent had violated subsections 16221(b)(viii) or

16221(b)(ix), because the disciplinary subcommittee could have directly disciplined respondent under other sections of the Public Health Code.

    Affirmed.