*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S E Davis, Minor.

UNPUBLISHED
January 11, 2024

Nos. 366336; 366337
Macomb Circuit Court
Juvenile Division
LC No. 2021-000291-NA

Before: GLEICHER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

In Docket No. 366336, respondent-mother appeals by right the trial court order terminating her parental rights to the minor child, SED, pursuant to her voluntary release of her parental rights. We conclude this Court does not have jurisdiction to address respondent-mother's appeal because respondent-mother is not an aggrieved party under MCR 7.203(A). We therefore dismiss her appeal.

In Docket No. 366337, respondent-father appeals by right the same order terminating his parental rights to SED. In January 2023, respondent-father pleaded no contest to the allegations in the petition and to the statutory grounds for termination. As alleged in the petition, the statutory grounds for termination were MCL 712A.19b(3)(b)(*ii*) (parent had opportunity to prevent the physical injury and sexual abuse but failed to do so; reasonable likelihood the child would suffer injury or abuse in foreseeable future if placed with parent), (g) (although financially able to do so, parent failed to provide proper care and custody; no reasonable expectation would be able to do without in a reasonable time), and (j) (reasonable likelihood child would be harmed if returned to parent). A best-interests hearing was held, following which the trial court found, pursuant to MCL 712A.19b(5), that termination of respondent-father's parental rights was in SED's best interests. However, the trial court's failure to explicitly address whether termination was appropriate in light of SED's placement with his paternal grandmother renders the factual record inadequate to make a best-interests determination. Therefore, reversal is required, and thus, in Docket No. 366337, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the removal of SED from respondents' care and custody after respondent-mother gave birth to a baby boy without proper medical care. According to

-1-

respondents, the baby was stillborn. After she cleaned herself and the baby up, respondent-mother drove the baby to the hospital an hour later, where he was pronounced dead. After the incident was reported to Children's Protective Services (CPS), police searched respondents' home, which was found in deplorable conditions. SED was taken to his paternal grandmother's home, who observed various injuries on SED. When asked who caused the injuries, SED reported that "mommy did it." A medical examination revealed bruising consistent with child abuse, an adult-sized bite mark, distended abdomen, and swollen and bruised genitalia. Further investigation revealed respondent-mother sexually abused SED.

As a result, petitioner, the Michigan Department of Health and Human Services (DHHS), filed a petition seeking jurisdiction under MCL 712A.2(b)(3) (failure to provide proper or necessary care; substantial risk of harm to mental wellbeing), and (4) (unfit home, by reason of neglect, or depravity by parent). The petition sought termination of respondent-mother's parental rights to SED under MCL 712A.19b(3)(b)(*i*) (parent caused physical injury and sexual abuse; reasonable likelihood it would continue in the foreseeable future if placed with parent), (g), (j), and (k)(*iii*) (battering, torture, or other severe physical abuse). The petition also sought termination of respondent-father's parental rights to SED under MCL 712A.19b(3)(b)(*ii*), (g), and (j).

Respondents ultimately pleaded no contest to the allegations in the petition and stipulated to the statutory grounds for termination. SED was placed with his paternal grandmother, who was willing to adopt SED. She reported she and her husband believed adoption was a better solution than guardianship, but they were willing to participate in a guardianship if that was what was best for SED. At the best-interests hearing, respondent-mother voluntarily released her parental rights to SED, but respondent-father did not. After listening to testimony from those involved in the case, the trial court made findings, determining it was in SED's best interests for respondent-father's parental rights to be terminated, but did not address SED's placement with a relative. Respondents now appeal.

II. ANALYSIS

A. DOCKET NO. 366336

In Docket No. 366336, respondent-mother raises three issues. However, we conclude we do not have jurisdiction over this appeal, because respondent-mother is not an "aggrieved party." This Court "has jurisdiction of an appeal of right *filed by an aggrieved party*" appealing from "[a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule." MCR 7.203(A)(2) (emphasis added). Respondent-mother pleaded no contest to the allegations in the petition and voluntarily relinquished her parental rights, and at no point during the proceedings below did respondent-mother attempt to withdraw her plea or seek to revoke her release. Given that, the trial court's acceptance of these actions does not make respondent-mother aggrieved for purposes of MCR 7.203(A)(2). See *Maxwell v Dep't of Environmental Quality*, 264 Mich App 567, 571; 692 NW2d 68 (2005) (holding an aggrieved party is one whose legal rights are invaded by an act of which they complained); *Dep't of Consumer & Indus Servs v Shah*, 236 Mich App 381, 385; 600 NW2d 406 (1999) (holding a party is not aggrieved if the order being appealed was in the party's favor).

Respondent-mother's interests were not harmed by the trial court's decision to accept her plea and relinquishment of parental rights. We therefore lack jurisdiction to address respondent-mother's issues, and dismiss her appeal.

## B. DOCKET NO. 366337

In Docket No. 366337, respondent-father alleges the trial court erred by finding termination of his parental rights was in SED's best interests because the trial court failed to explicitly address whether termination was appropriate in light of SED's placement with his paternal grandmother. We agree.[1]

A trial court "should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). In so doing, it:

> [S]hould consider a wide variety of factors that may include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*Id.* at 713-714 (footnotes and citations omitted).]

"[T]he focus at the best-interest stage has always been on the child, not the parent." *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63; 874 NW2d 205 (2015) (quotation marks and citation omitted, alteration in original).

"However, because 'a child's placement with relatives weighs against termination under MCL 712A.19a(6)(a),' the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (citation omitted).

> Although the trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests, the fact that the children are in the care of a relative at the time of the termination hearing is an "explicit factor to consider in determining whether termination was in the children's best interests," [*Id.* (citations omitted).]

---

[1] We review the trial court's best interests determination for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

"A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id.*

The trial court failed to address whether termination was appropriate in light of SED's placement with his paternal grandmother and step-grandfather, rendering the factual record inadequate to make a best interests determination. Thus, reversal and a new best interests determination is necessary.

We dismiss respondent-mother's appeal in Docket No. 366336 for lack of jurisdiction. We reverse and remand for a new best interests determination for respondent-father in Docket No. 366337. Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro