SMITH v CITY OF PONTIAC

Docket No. 97631. Submitted December 16, 1987, at Detroit. Decided March 15, 1988.

Gay Smith, personal representative of the estate of Stephen M. Smith, deceased, brought a wrongful death action in the Oakland Circuit Court against the City of Pontiac, doing business as Pontiac General Hospital, and Michael Short, M.D., and Arnold Brown, M.D. Plaintiff claimed both negligence and breach of contract. The trial court, Robert L. Templin, J., granted defendant city's motion for summary disposition and entered an order accordingly. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's contract claim was properly barred under the statute of frauds since there was no written agreement which meets the requirements of the statute of frauds.

Affirmed.

1. FRAUDS, STATUTE OF — CONTRACTS — MEDICAL CARE.

An agreement, promise, contract, or warranty of cure relating to medical care or treatment is void unless that agreement, promise, contract or warranty, or a note or memorandum thereof, is in writing and signed by the party to be charged therewith, or by a person authorized by him (MCL 566.132[g]; MSA 26.922[g]).

2. FRAUDS, STATUTE OF — CONTRACTS — MEDICAL CARE.

A contract to provide medical services in a nonnegligent manner is an agreement, promise, or contract relating to medical care or treatment covered under the statute of frauds and must meet the requirements of the statute of frauds (MCL 566.132[g]; MSA 26.922[g]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Barbara A. Patek*), for plaintiff.

REFERENCES

Am Jur 2d, Contracts § 7.

Am Jur 2d, Physicians, Surgeons, and Other Healers § 161.

Am Jur 2d, Statute of Frauds §§ 20 *et seq.*

Recovery against physician on basis of breach of contract to achieve particular result or cure. 43 ALR3d 1221.

*Martin, Bacon & Martin, P.C.* (by *John W. Crimando*), for defendant.

Before: D. F. Walsh, P.J., and G. R. McDonald and P. Nicolich,* JJ.

Per Curiam. Plaintiff appeals as of right from a December 15, 1986, order granting summary disposition in favor of defendant on plaintiff's breach of contract claim.

Plaintiff, Gay Smith, is the personal representative of the estate of Stephen M. Smith, plaintiff's decedent. Plaintiff brought a wrongful death action against defendant City of Pontiac, doing business as Pontiac General Hospital, and against defendants Michael Short, M.D., and Arnold Brown, M.D. Only defendant City of Pontiac is involved in this appeal.

In her complaint plaintiff alleges that plaintiff's decedent entered into a contract with defendant's hospital to provide medical care and treatment for plaintiff's decedent and that defendant's hospital expressly and impliedly warranted to exercise due care in the treatment of plaintiff's decedent. There is no express written contract between plaintiff's decedent and defendant's hospital. Plaintiff claims that defendant's hospital violated the duty of care it owed decedent: violating its contractual duties, breaking its contract with decedent, and breaching express or implied warranties made to decedent. Plaintiff's decedent died allegedly due to conditions which went untreated due to defendant's negligence and breach of contract.

At a hearing held December 15, 1986, defendant City of Pontiac moved for summary disposition under MCR 2.116(C)(8) and (10). Defendant argued that plaintiff's tort claims were barred by govern-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mental immunity, that plaintiff's contract claims were invalid due to the lack of an express written agreement, and that no implied contract actions were allowed under MCL 566.132(g); MSA 26.922(g). Plaintiff argued that, although there was no express written contract with defendant, plaintiff's decedent did agree to pay for services rendered, and that this was the basis of a contract between decedent and defendant. Plaintiff argued that MCL 566.132(g); MSA 26.922(g) applied only to promises to cure, and that the contract between plaintiff's decedent and defendant was distinguishable because it involved a warranty to treat decedent in a skillful and nonnegligent manner.

The court found that defendant's hospital was engaged in a governmental function, and, therefore, was immune from plaintiff's tort claims. In addition, the court found that plaintiff's contract claim was invalid because the contract was not in writing. MCL 566.132(g); MSA 26.922(g). The court granted defendant's motion for summary disposition under MCR 2.116(C)(8) and (10), and dismissed plaintiff's claims with prejudice.

On appeal plaintiff claims that the trial court erred in dismissing her breach of contract claim. We disagree.

The Michigan statute of frauds, MCL 566.132(g); MSA 26.922(g), provides:

> In the following cases, an agreement, contract or promise shall be void, unless that agreement, contract, or promise, or a note or memorandum thereof is in writing and signed by the party to be charged therewith, or by a person authorized by him:
>
> \* \* \*
>
> (g) An agreement, promise, contract, or warranty of cure relating to medical care or treat-

ment. Nothing in this paragraph shall affect the right to sue for malpractice or negligence.

This Court has previously applied MCL 566.132(g); MSA 26.922(g) to agreements for medical care, and has not restricted the application of this statute to "warranties of cure." *Gilmore v O'Sullivan,* 106 Mich App 35; 307 NW2d 695 (1981). Under the statute of frauds, an absence of a writing signed by an authorized representative of a defendant and containing the essential terms of the alleged contract is fatal to a plaintiff's contract claim against a defendant alleging medical malpractice. *Stein v Southeastern Michigan Family Planning Project, Inc,* 158 Mich App 702; 405 NW2d 147 (1987); *Gilmore, supra.*

Plaintiff's contract claim against defendant is based upon an alleged contract to provide medical services in a nonnegligent manner. This is an agreement, promise, or contract relating to medical care or treatment and is covered under the explicit language of MCL 566.132(g); MSA 26.922(g). Plaintiff has admitted that there is no written agreement which meets the requirements of the statute of frauds. Plaintiff's contract claim is therefore barred by MCL 566.132(g); MSA 26.922(g).

Plaintiff also claims that defendant is estopped from using the statute of frauds to bar plaintiff's contract claim by the doctrine of partial performance and promissory estoppel. As plaintiff has raised these issues for the first time on appeal and we find no miscarriage of justice absent their review, we decline to address the same. *Providence Hospital v National Labor Union Health & Welfare Fund,* 162 Mich App 191; 412 NW2d 690 (1987); *People v Juarez,* 158 Mich App 66; 404 NW2d 222 (1987).

Affirmed.