MOORE v WICKS

Docket No. 109570. Submitted December 14, 1989, at Lansing. Decided February 7, 1990.

Ann Moore sustained injury to a joint in one finger as a result of an automobile accident. Moore brought an action in Washtenaw Circuit Court against Barry Wicks, a motorist involved in her accident. The case was removed to district court, which in March, 1985, granted summary disposition in favor of defendant, ruling that the injury did not constitute a serious impairment of bodily function sufficient to satisfy the threshold requirements of the no-fault automobile insurance act for a tort action seeking damages for noneconomic loss. In November, 1985, Moore underwent surgery for removal of the joint and its replacement with a plastic prosthesis. Moore brought a second action against Wicks in Washtenaw Circuit Court. The court, Patrick J. Conlin, J., granted summary disposition in favor of defendant, ruling that the action was barred by res judicata. Plaintiff appealed.

The Court of Appeals *held:*

Res judicata bars plaintiff's second action since the first action was decided on the merits, the same matter contested in the second action was decided in the first action, and the two actions involved the same parties. The change in facts represented by removal of the joint and its replacement with a prosthesis does not avoid application of res judicata.

Affirmed.

1. ACTIONS — DEFENSES — RES JUDICATA.

The doctrine of res judicata provides that, where two parties have fully litigated a particular claim and a final judgment has resulted, the claim may not be relitigated by either party; there are three prerequisites for a prior judgment to constitute a bar in a subsequent action under res judicata: (1) the former action must have been decided on the merits; (2) the same matter

REFERENCES

Am Jur 2d, Judgments §§ 407, 409, 410, 417, 418, 477, 478, 518.

See the Index to Annotations under No-Fault Insurance; Res Judicata.

contested in the second action must have been decided in the first action; and (3) the two actions must be between the same parties or their privies.

2. ACTIONS — DEFENSES — RES JUDICATA.
   A change in fact generally may not avoid the application of the doctrine of res judicata.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Lee R. Franklin*), for plaintiff.

*Conlin, McKenney, Philbrick & Laro* (by *Allen J. Philbrick* and *Joseph W. Phillips*), and *MacArthur, Cheatham & Acker, P.C.* (by *James G. Gross* and *Mary T. Nemeth* ), of Counsel, for defendant.

Before: REILLY, P.J., and CYNAR and T. M. BURNS,* JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) on the grounds of res judicata. We affirm.

According to the parties, on April 9, 1983, plaintiff's middle finger of her right hand was lacerated and broken in an automobile accident, in which defendant was the owner and driver of the other vehicle. Treatment of the injury was unsuccessful, and on April 10, 1984, plaintiff underwent surgery to excise a bone fragment from the metacarpophalangeal joint. According to plaintiff, the condition of her finger continued to deteriorate. On November 27, 1985, after traumatic arthritis of the joint was diagnosed, surgery was performed to remove the joint and replace it with a plastic finger joint prosthesis. Although plaintiff obtained some relief,

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

additional surgery was performed on her right hand on June 26, 1986. According to plaintiff, even after these surgeries and other treatment, she had not yet fully recovered. Defendant contends that the residual effects from plaintiff's injury and surgeries are minimal.

Plaintiff filed her original complaint against defendant on September 28, 1983. After mediation in October, 1984, the case was removed to the district court. On March 8, 1985, defendant moved for summary disposition on the ground that plaintiff's injury did not constitute a serious impairment of a bodily function under MCL 500.3135; MSA 24.13135 as a matter of law. The district court granted defendant's motion on March 27, 1985, and the circuit court upheld the district court's order on appeal. This Court denied plaintiff's application for leave to appeal, as did the Michigan Supreme Court subsequent to the plaintiff's last surgery. On January 8, 1987, plaintiff again filed suit against defendant for her injury, but she alleged that the "serious impairment" arose in 1985 when her metacarpophalangeal joint was replaced with the prosthesis.

Plaintiff contends on appeal that res judicata does not bar her second action. She claims that her original suit was premature in the absence of a serious impairment, an essential element of her cause of action. Thus, plaintiff argues, she could not properly proceed before her serious impairment accrued on November 27, 1985.

Under the doctrine of res judicata, where two parties have litigated a claim and it has resulted in a final judgment, neither party may relitigate that same claim. *VanDeventer v Michigan Nat'l Bank,* 172 Mich App 456, 463; 432 NW2d 338 (1988). For the doctrine to apply, (1) there must have been a prior decision on the merits, (2) the

issues must have been resolved in the first action, and (3) both actions must be between the same parties or their privies. *Id.* at 464.

A panel of this Court considered this issue in *Sherrell v Bugaski,* 169 Mich App 10; 425 NW2d 707 (1988). In *Sherrell,* the plaintiff had sued the defendants for injuries, including severe headaches, lower back pain and shock to her nervous system, which she sustained in an automobile accident. *Id.* at 12. The trial court granted the defendants' summary disposition motion on the basis that there was no genuine issue of material fact on whether a serious impairment of bodily function existed under § 3135. This Court affirmed the trial court's decision, but the plaintiff subsequently discovered that she had a herniated disk, allegedly as a result of the accident. She again filed a negligence action, and defendants again moved for summary disposition, but on the ground that res judicata and the statute of limitations barred the second suit. On appeal from the trial court's denial of the defendant's motion, this Court concluded that res judicata did indeed bar the plaintiff's second action. *Id.* The Court pointed out that the same parties were involved, that the first action was decided on the merits, and that the same matter raised in the second suit had been previously adjudicated. *Id.* at 13-14. The Court explained its rejection of the plaintiff's argument on the latter factor:

> The previous suit was dismissed expressly on the issue of lack of damages. Simply because the facts on the issue of plaintiff's damages have changed, the application of res judicata is not barred. The only instance where a change in fact *may* cause an evasion of the application of res judicata is in an area of law where there are important competing considerations, such as worker's compensation. See

*Gose, supra,* p 176. In worker's compensation cases, the remedial purpose of the statute is to maintain the fiscal integrity of persons whose wage-earning ability has been suspended or terminated. *Id.* Thus, an injury discovered after a lawsuit would be considered in recalculating a plaintiff's damages and res judicata would not apply to bar such recalculation.

No such important remedial policy applies in the present personal injury case. [169 Mich App 14-15.]

Under the facts of this case, we agree with the panel in *Sherrell.* To hold otherwise would allow a plaintiff to file a succession of actions based on the same injury as it worsens to the point where it finally becomes a serious impairment under § 3135. Until that point was reached, our courts would be required to consider a succession of appeals on that issue. While a plaintiff may not be barred from instituting a subsequent action under § 3135 based on a different injury arising from the same accident, and thus arguably different evidence, see *Detroit v Nortown Theatre, Inc,* 116 Mich App 386, 393; 323 NW2d 411 (1982), lv den 418 Mich 875 (1983), here, plaintiff's second action is based on the same injury on which the first action was based. The trial court properly granted defendant's motion for summary disposition on the basis of res judicata.

Affirmed.