# STATE OF MICHIGAN

# COURT OF APPEALS

22022 MICHIGAN AVENUE LLC,

      Plaintiff-Appellee,

v

TAHRIK ALCODRAY, TAA FORT HOLDINGS
LLC, CONDOR CAPITAL GROUP LLC,
HUSSEIN ABBASS, RIZZO
ENVIRONMENTAL SERVICES, INC., and
TECHNICAL LOGISTICS CORPORATION,

      Defendants,

and

BROME BURGERS & SHAKES LLC,

      Defendant-Appellant.

UNPUBLISHED
April 5, 2018

No. 335839
Wayne Circuit Court
LC No. 15-013275-CH

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ.

PER CURIAM.

Defendant Brome Burgers & Shakes LLC ("Brome") appeals as of right a stipulated order of dismissal with prejudice and without costs or attorney fees. But Brome's true issue on appeal relates to the trial court's earlier denial of Brome's motion for entry of a stipulated judgment under MCR 2.405 that would have dismissed Brome as a party. However, because Brome lacks appellate standing, we have no jurisdiction over the appeal, and we dismiss.

Plaintiff brought this cause of action against several defendants, including Brome, alleging claims of trespass, nuisance, and unjust enrichment stemming from defendants' use of plaintiff's property during a construction project. After all the defendants, with the exception of Brome and defendant Rizzo Environmental Services, Inc. ("Rizzo"), were dismissed from the case pursuant to stipulated orders of dismissal, plaintiff made an offer to stipulate to the entry of a *judgment* of dismissal with prejudice and without costs or attorney fees, as to Brome only. Brome accepted the offer and subsequently moved for entry of a judgment in accordance with the offer pursuant to MCR 2.405(C)(1). On the basis of the accepted offer of judgment, Rizzo

-1-

moved for summary dismissal of plaintiff's claims against it under MCR 2.116(C)(7), arguing that the effect of the accepted offer of judgment under MCR 2.405 required the court to enter a judgment of dismissal, which functions as a full and final adjudication of plaintiff's claims, thereby extinguishing those claims and precluding plaintiff from pursuing those claims against other tortfeasors. The trial court, determining that the offer was not for a "sum certain" and that the offer, which was for a dismissal with prejudice as to Brome only, did not have the preclusive res judicata effect of a judgment as to other alleged tortfeasors that MCR 2.405 intends, denied Brome's motion for entry of judgment pursuant to MCR 2.405, as well as Rizzo's motion for summary dismissal. The court subsequently entered a stipulated order dismissing Brome from the case without costs or attorney fees, from which Brome attempts to invoke this Court's jurisdiction under MCR 7.203(A) as an appeal of right.[1]

As a threshold matter, we hold that Brome lacks standing to bring the appeal. "To maintain an appeal, a person must ordinarily be 'aggrieved' by the lower court's decision." *Spires v Bergman*, 276 Mich App 432, 441; 741 NW2d 523 (2007), citing MCR 7.203(A) and *Dep't of Consumer & Industry Servs v Shah*, 236 Mich App 381, 385; 600 NW2d 406 (1999); see also *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006). "An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury," where the injury arises from the actions of the trial court. *Federated Ins Co*, 475 Mich at 291-292. As a result, "[a] party who could not benefit from a change in the judgment has no appealable interest." *Manuel v Gill*, 481 Mich 637, 644; 753 NW2d 48 (2008) (quotation marks and citation omitted).

Absent standing, "one cannot rightfully invoke the jurisdiction of the court." *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992) (quotation marks and citation omitted); see also MCR 7.203(A) (providing that this Court "has jurisdiction of an appeal of right filed by an aggrieved party"). Accordingly, if a court determines that a party lacks standing, it must "recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding." *In re Fraser's Estate*, 288 Mich 392, 394; 285 NW 1 (1939).

Brome challenges the court's order denying its motion for entry of judgment pursuant to MCR 2.405. However, Brome does not assert how it suffered any particularized or concrete injury from the court's denial of its motion for entry of judgment, which, like the stipulated order of dismissal appealed from, sought dismissal of the case against it, with prejudice and without costs or attorney fees. However, regardless of whether the case ended with the "judgment" proposed by Brome or with a "dismissal with prejudice," Brome has been dismissed as a party with prejudice and without costs or attorneys' fees. Moreover, in either instance, Brome would

---

[1] The trial court also dismissed Rizzo with prejudice and closed the case. Rizzo is not a party to this appeal.

be fully insulated from any subsequent, identical suit on the basis of res judicata.[2] In other words, Brome has not shown how it would improve its position or otherwise benefit if we were to grant the relief Brome has requested on appeal—i.e., that the trial court erred when it denied Brome's motion for entry of a judgment of dismissal pursuant to MCR 2.405. Indeed, Brome's argument on appeal, as well as before the trial court, concerns the effect of the court's decision on the preclusive effect of the entered order with respect to the liability of *other* potential alleged tortfeasors, not how this Court can rectify a situation for Brome.

Dismissed.

/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel

---

[2] "[A] voluntary dismissal with prejudice acts as an adjudication on the merits for purposes of res judicata." *Adam v Bell*, 311 Mich App 528, 532; 879 NW2d 879 (2015). "[T]he decision whether to grant dismissal with or without prejudice, by definition, determines whether a party may re-file a claim or whether the claim is permanently barred." *ABB Paint Finishing v Nat'l Union Fire Ins Co of Pittsburgh*, 223 Mich App 559, 562; 567 NW2d 456 (1997). Likewise, a judgment entered pursuant to a party's acceptance of an offer of judgment under MCR 2.405 functions as a full and final adjudication on the merits and res judicata applies to consent judgments. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 299; 769 NW2d 234 (2009); *Ditmore v Michalik*, 244 Mich App 569, 576; 625 NW2d 462 (2001). Accordingly, the court's stipulated order of dismissal with prejudice, as well as the proposed judgment of dismissal pursuant to MCR 2.405, is an adjudication on the merits for res judicata purposes barring plaintiff from raising its claims against Brome again.