# Court of Appeals, State of Michigan

## ORDER

22022 MICHIGAN AVENUE LLC v TAHRIK ALCODRAY

Docket No.    335839

LC No.    15-013275-CH

Elizabeth L. Gleicher
Presiding Judge

Mark T. Boonstra

Jonathan Tukel
Judges

The Court orders that the April 5, 2018 opinion is hereby VACATED, and new opinions are forthcoming.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

APR 0 5 2018
_____
Date

_____
Chief Clerk

moved for sanctions. Following a hearing, the trial court denied Brome's motion for entry of a judgment, holding that MCR 2.405 does not permit entry of a judgment as to fewer than all defendants when the claims arise from the same transaction or occurrence. The trial court also denied Rizzo's motion for sanctions, reasoning that its decision regarding Brome's motion rendered the sanctions motion moot.

Thereafter, plaintiff and Brome stipulated to the entry of an *order* dismissing plaintiff's claims against Brome with prejudice and without costs or attorney fees. The stipulated order specifically provided that it did "not resolve the last pending claim and does not close the case," as claims were still pending against Rizzo at that time. Brome then filed a claim of appeal with this Court, seeking to appeal the order denying its motion for entry of a judgment.[1]

We begin our analysis by recognizing that "[t]he question of standing, whether based upon prudential considerations or constitutional limitations, is one that must be addressed." *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 290; 715 NW2d 846 (2006). As a preliminary matter, a necessary prerequisite to invoking the jurisdiction of an appellate court is that a litigant have standing to appeal. See *Manuel v Gill*, 481 Mich 637, 643-644; 753 NW2d 48 (2008); *Ford Motor Co v Jackson (On Rehearing)*, 399 Mich 213, 226; 249 NW2d 29 (1976). Whether a party has standing, and whether this Court has jurisdiction over an appeal, are both questions of law that are reviewed de novo. *Manuel*, 481 Mich at 642-643; *Chiropractors Rehab Group, PC v State Farm Mut Auto Ins Co*, 313 Mich App 113, 120; 881 NW2d 120 (2015).

MCR 7.203(A) governs this Court's jurisdiction over appeals of right, and provides, in relevant part:

The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:

(1) A final judgment or final order of the circuit court . . . . The appeal is of right . . . .

Therefore, in order to fall within the purview of this Court's jurisdiction, a party must be "aggrieved" by the judgment or order from which it appeals. See *Manuel*, 481 Mich at 643 (recognizing that "[t]o have standing on appeal, a litigant must have suffered a concrete and particularized injury") (quotation marks and citations omitted). This Court, in *Dep't of Consumer & Indus Servs v Shah*, 236 Mich App 381, 385; 600 NW2d 406 (1999), explained the requirements that a party must satisfy to be considered an aggrieved party:

To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency. An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must

---

[1] Plaintiff and Rizzo later entered into their own stipulated order of dismissal, which disposed of the last pending claim and closed the case.

moved for summary dismissal of plaintiff's claims against it under MCR 2.116(C)(7), arguing that the effect of the accepted offer of judgment under MCR 2.405 required the court to enter a judgment of dismissal, which functions as a full and final adjudication of plaintiff's claims, thereby extinguishing those claims and precluding plaintiff from pursuing those claims against other tortfeasors. The trial court, determining that the offer was not for a "sum certain" and that the offer, which was for a dismissal with prejudice as to Brome only, did not have the preclusive res judicata effect of a judgment as to other alleged tortfeasors that MCR 2.405 intends, denied Brome's motion for entry of judgment pursuant to MCR 2.405, as well as Rizzo's motion for summary dismissal. The court subsequently entered a stipulated order dismissing Brome from the case without costs or attorney fees, from which Brome attempts to invoke this Court's jurisdiction under MCR 7.203(A) as an appeal of right.[1]

As a threshold matter, we hold that Brome lacks standing to bring the appeal. "To maintain an appeal, a person must ordinarily be 'aggrieved' by the lower court's decision." *Spires v Bergman*, 276 Mich App 432, 441; 741 NW2d 523 (2007), citing MCR 7.203(A) and *Dep't of Consumer & Industry Servs v Shah*, 236 Mich App 381, 385; 600 NW2d 406 (1999); see also *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006). "An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury," where the injury arises from the actions of the trial court. *Federated Ins Co*, 475 Mich at 291-292. As a result, "[a] party who could not benefit from a change in the judgment has no appealable interest." *Manuel v Gill*, 481 Mich 637, 644; 753 NW2d 48 (2008) (quotation marks and citation omitted).

Absent standing, "one cannot rightfully invoke the jurisdiction of the court." *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992) (quotation marks and citation omitted); see also MCR 7.203(A) (providing that this Court "has jurisdiction of an appeal of right filed by an aggrieved party"). Accordingly, if a court determines that a party lacks standing, it must "recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding." *In re Fraser's Estate*, 288 Mich 392, 394; 285 NW 1 (1939).

Brome challenges the court's order denying its motion for entry of judgment pursuant to MCR 2.405. However, Brome does not assert how it suffered any particularized or concrete injury from the court's denial of its motion for entry of judgment, which, like the stipulated order of dismissal appealed from, sought dismissal of the case against it, with prejudice and without costs or attorney fees. However, regardless of whether the case ended with the "judgment" proposed by Brome or with a "dismissal with prejudice," Brome has been dismissed as a party with prejudice and without costs or attorneys' fees. Moreover, in either instance, Brome would

---

[1] The trial court also dismissed Rizzo with prejudice and closed the case. Rizzo is not a party to this appeal.

be fully insulated from any subsequent, identical suit on the basis of res judicata.[2] In other words, Brome has not shown how it would improve its position or otherwise benefit if we were to grant the relief Brome has requested on appeal—i.e., that the trial court erred when it denied Brome's motion for entry of a judgment of dismissal pursuant to MCR 2.405. Indeed, Brome's argument on appeal, as well as before the trial court, concerns the effect of the court's decision on the preclusive effect of the entered order with respect to the liability of *other* potential alleged tortfeasors, not how this Court can rectify a situation for Brome.

Dismissed.

/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel

---

[2] "[A] voluntary dismissal with prejudice acts as an adjudication on the merits for purposes of res judicata." *Adam v Bell*, 311 Mich App 528, 532; 879 NW2d 879 (2015). "[T]he decision whether to grant dismissal with or without prejudice, by definition, determines whether a party may re-file a claim or whether the claim is permanently barred." *ABB Paint Finishing v Nat'l Union Fire Ins Co of Pittsburgh*, 223 Mich App 559, 562; 567 NW2d 456 (1997). Likewise, a judgment entered pursuant to a party's acceptance of an offer of judgment under MCR 2.405 functions as a full and final adjudication on the merits and res judicata applies to consent judgments. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 299; 769 NW2d 234 (2009); *Ditmore v Michalik*, 244 Mich App 569, 576; 625 NW2d 462 (2001). Accordingly, the court's stipulated order of dismissal with prejudice, as well as the proposed judgment of dismissal pursuant to MCR 2.405, is an adjudication on the merits for res judicata purposes barring plaintiff from raising its claims against Brome again.