*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MM, BB, and MM, by Next Friend MIA BYNUM,

Plaintiffs-Appellees,

UNPUBLISHED
April 27, 2023

v

No. 359838
Wayne Circuit Court
LC No. 19-013490-NO

MLC RENTALS, LLC and MOTOWN RENTALS, LLC,

Defendants-Appellants.

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

The circuit court granted defendants summary disposition, without prejudice, concerning two of the plaintiffs. The third plaintiff settled his claim with defendants, but a final order regarding that settlement has never been entered. Defendants are attempting to appeal the circuit court's order of summary disposition without prejudice more than six months after its entry, arguing that the circuit court is required to grant summary disposition with prejudice. This Court, however, is without jurisdiction to consider defendants' appeal. Accordingly, we dismiss this appeal for lack of jurisdiction.

Plaintiffs are the children of Mia Bynum, and she was renting an apartment that was owned and managed by one or both of defendants. Bynum and her three minor children were living in the apartment when all three children were diagnosed with elevated levels of lead in their blood. On April 20, 2021, the circuit court granted defendants summary disposition, without prejudice, for the claims concerning the two youngest children. Defendants moved for reconsideration on May 18, 2021, arguing that the circuit court palpably erred by not entering the summary dispositions with prejudice. The circuit court has still not decided defendants' motion for reconsideration.

On July 12, 2021, the parties entered into a settlement concerning the eldest child's claim. The settlement is governed by MCR 2.420 because the eldest child is a minor. Under MCR 2.420(B)(4)(a), "[t]he judgment or dismissal must require that payment be made payable to the minor's conservator on behalf of the minor. The court shall not enter the judgment or dismissal

-1-

until it receives written verification, on a form substantially in the form approved by the state court administrator, that the probate court has passed on the sufficiency of the bond of the conservator." On November 18, 2021, the circuit court entered a form order to comply with MCR 2.420(B)(4)(a); State Court Administrator's Office (SCAO) Order Approving Settlement, form MC 95.

On December 9, 2021, defendants filed an appeal of the November 18, 2021 order. This Court dismissed that appeal for lack of jurisdiction in an order explaining that "the November 18, 2021 order requesting bond approval by the probate court is not a final order as defined in MCR 7.202(6)." *Marshawn Moss v MLC Rentals, LLC*, unpublished order of the Court of Appeals, entered December 14, 2021 (Docket No. 359544), p 1.

Defendants now appeal with delayed leave granted. *Marshawn Moss v MLC Rentals, LLC*, unpublished order of the Court of Appeals, entered April 21, 2022 (Docket No. 359838), p 1. Even though this Court granted defendants delayed leave to appeal, this Court instructed the parties to address the following:

> whether a final order has been entered below, particularly in light of the language of the November 18, 2021 Request for Approval of Bond and Notice (SCAO Form MC 95) indicating that, before dispositive orders are entered in the circuit court, the Notice of Bond Approval shall be presented to the probate court for a probate judge's signature and then returned to the circuit court.

This Court determines de novo whether it has jurisdiction over an appeal. *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012). The time requirements for filing a claim of appeal are jurisdictional. MCR 7.204(A); see also *Chen v Wayne State Univ*, 284 Mich App 172, 192; 771 NW2d 820 (2009). MCL 600.308 and the Michigan Court Rules govern this Court's jurisdiction. Relevant to this appeal, parties may appeal as of right to this Court any final judgment, MCR 7.203(A), within 21 days of the judgment or order, MCR 7.204(A)(1). Additionally, this Court may grant a party the ability to appeal by leave, MCR 7.203(B), any judgment appealable to this Court by law or rule within 21 days of the judgment or order, MCR 7.205(A)(1), or any judgment by delayed leave granted within six months of the judgment or order, MCR 7.205(A)(4).

In the present case, defendants' argument on the merits appears to be well-taken. Summary disposition generally is with prejudice, including when the basis is ripeness. See, e.g., *ABB Paint Finishing, Inc v National Union Fire Ins Co of Pittsburgh, Pa*, 223 Mich App 559, 563; 567 NW2d 456 (1997). This would not, however, act to preclude a future claim related to the two children under *Henry v Dow Chem Co*, 473 Mich 63; 701 NW2d 684 (2005). An earlier recognition that a matter is not yet ripe does not preclude or estop a court from subsequently taking up that matter if it becomes ripe. See *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 550; 904 NW2d 192 (2017). With that said, this Court cannot reach defendants' arguments because we do not have jurisdiction.

Defendants filed their delayed application for leave to appeal the April 20, 2021 order on January 7, 2022. Defendants delayed application for leave to appeal was submitted greater than six months from the date of the order, and this Court is without jurisdiction under MCR 7.205(A)(4).

Concerning defendants' prior appeal in Docket no. 359544—even though parties may appeal a final order and raise issues stemming from any other order entered earlier in the case, *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009), there is no final order in this case. The parties must comply with 2.420(B)(4)(a), and SCAO Order Approving Settlement, form MC 95, provides parties with a form to satisfy the court rule. The parties in this case used that form, and it plainly instructs plaintiffs:

> After the circuit/district court judge completes the Request, take it to the probate court to obtain written verification that the bond is approved and that the bond, if any, has been filed with the probate court. The Request will be presented to the probate judge assigned to the probate case. Once the probate judge signs the Notice of Bond Approval, the entire form will be returned to you for filing with the circuit/district court. Dispositive orders will be entered by the circuit/district court judge only after the Notice of Bond Approval has been filed

Form MC 95 was entered in the circuit court on November 18, 2021, with the request section completed, including the signature of the circuit court's presiding judge. This, however, was not a final order under MCR 7.202(6), because the probate court has not completed the notice section, or signed the form, as required by form MC 95's instructions. Moreover, MCR 7.202(6) defines a final order as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order," and the eldest child's claim is still outstanding because his settlement has not been finalized under MCR 2.420(B)(4)(a).

Simply put, the form that plaintiffs submitted must be approved by the probate court, which would enable the circuit court to enter an order concerning the settlement. This would be a final order because it would be the first judgment in which all of the claims would be disposed. Without a final order there is no basis for this Court to consider issues stemming from any other order entered earlier in the case. *Green*, 282 Mich App at 301 n 6.

Therefore, this Court lacks jurisdiction to hear defendants' appeal because they are attempting to challenge an order entered more than six months before their application for delayed leave to appeal, and there is no final order upon which this Court may hear previously issued orders.

Dismissed.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney