*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY CHANEY,

      Plaintiff-Appellee,

v

MERITAGE HOSPITALITY GROUP, INC., doing
business as WENDY'S,

      Defendant-Appellant.

UNPUBLISHED
September 12, 2025
9:08 AM

No. 372910
Kent Circuit Court
LC No. 24-002219-NO

Before: SWARTZLE , P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Plaintiff, Anthony Chaney, ate a chicken sandwich purchased at a Wendy's restaurant. Proceeding *in propria persona*, he filed this action, alleging that the sandwich was tainted with E. coli bacteria and made him ill. Defendant, Meritage Hospitality Group, Inc., doing business as Wendy's (Meritage), moved for summary disposition, arguing that Chaney failed to provide any evidence that the sandwich caused his illness. Meritage appeals by right the trial court's order granting its motion without prejudice as opposed to with prejudice. Because the trial court's decision was a decision on the merits, and the doctrine of res judicata precludes Chaney from refiling his action, the trial court erred by dismissing the action without prejudice. We therefore vacate the trial court's order in part and remand for entry of an order dismissing the action with prejudice.

## I. FACTS AND PROCEEDINGS

Chaney filed this action, alleging that he became ill after eating a chicken sandwich purchased at a Wendy's restaurant in Holland, Michigan. He asserted that the sandwich was infected with E. coli bacteria and that, 18 days after he ate the sandwich, he was diagnosed with colitis as a result of eating the contaminated sandwich. Chaney alleged negligence and gross negligence (Count 1), breach of express and implied warranties (Count 2), and violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*. (Count 3).

Although Meritage denied that it owned or operated the Wendy's location where Chaney purchased the sandwich, it defended Chaney's lawsuit. Meritage moved for partial summary

-1-

disposition under MCR 2.116(C)(8) with respect to Chaney's gross negligence, breach of express warranty, and MCPA claims. The trial court granted the motion, leaving only Chaney's negligence and breach of implied warranty claims.

Meritage moved for summary disposition under MCR 2.116(C)(10)[1] regarding the remaining claims, arguing that Chaney was unable to establish the element of causation with respect to either claim. Meritage relied on Chaney's responses to Meritage's discovery requests asking him to admit that no doctor diagnosed him with E. coli exposure and that he had no documentation indicating that his diagnosis of colitis resulted from the allegedly contaminated sandwich. Chaney made no admissions, but failed to produce any documentation, stating instead that discovery was ongoing.[2] Meritage argued that, even if Chaney had an E. coli infection, he could only speculate where his E. coli exposure came from, which was insufficient to establish causation. Meritage also asserted that, although discovery was ongoing, summary disposition was not premature because further discovery did not stand a fair chance of uncovering factual support for Chaney's claims.

Chaney objected to Meritage's motion. He disputed Meritage's claim that it did not own or operate the Wendy's location at issue. He relied on a photo of a sticker on the door of the restaurant indicating that Meritage owned the restaurant and a photo showing that the sticker had been removed. He also relied on an ad posted on the Internet indicating that Meritage sought to hire a shift manager for the location. Further, he relied on a previously provided medical record from Spectrum Health Zeeland Community Hospital stating that he was diagnosed with colitis on February 26, 2022. He requested that the trial court deny Meritage's motion and allow discovery to continue.

Meritage filed a reply to Chaney's objection, arguing that Chaney failed to respond to its arguments regarding causation and provide substantively admissible evidence regarding causation. It maintained that it could not produce evidence known only to Chaney, in particular whatever led him to believe that he was infected with E. coli after eating a sandwich purchased at the restaurant and what led him to believe that E. coli caused his colitis. Meritage asserted that Chaney's objection erroneously focused on its purported ownership or operation of the business.

During oral argument on the motion, the trial court advised Chaney, who was still proceeding *in propria persona*, that he needed to provide documentation indicating that the sandwich he purchased at the restaurant and consumed was tainted with E. coli and that E. coli caused his colitis. The court granted Meritage's motion, stating that although the evidence showed that Chaney was diagnosed with colitis, nothing linked the diagnosis to E. coli, and no evidence

---

[1] Meritage mistakenly references MCR 2.116(C)(8) in its motion, but references MCR 2.116(C)(10) in its brief supporting the motion.

[2] Contrary to Meritage's assertion, although Chaney did not produce documentary evidence in response to Meritage's requests for admission, he did not admit that he had no documentation or proof supporting his claims.

indicated that Chaney was exposed to E. coli as a result of consuming food purchased from the Wendy's location at issue.[3]  The court further stated as follows:

> So the question then is since this is a (C)(10) and discovery is still open, is there a fair chance that further discovery will reveal any evidence of your claim?  I do not see an affidavit from you that suggests there will—there is.  I have not seen any evidence from you that suggests that there's such a fair chance for further discovery.  So I do believe that although discovery has not been closed, this case is ripe for summary disposition under (C)(10).

> The Court is, therefore, going to grant the defendant's motion.  Mr. Broaddus [defense counsel], I will look for an order from you—I'm going to stipulate [sic] that that motion is going to be granted without prejudice, okay?  And I think that's proper under (C)(10).

> In other words, Mr. Chaney, you do have the right to refile, but understand the requirements if you do refile, and the need for you to meet your evidentiary burden under the court rules should you refile.  What I'm suggesting to you is have your evidence ahead of time before you refile a case.  Do not file a case, it may be deemed frivolous and it may subject you to sanctions, potentially.  I need to see a link.  If you're going to file a case, there needs to be some linkage between your illness, the restaurant, having the same diagnosis in this case.

Thereafter, Meritage filed this appeal, arguing that the trial court erred by dismissing Chaney's complaint without prejudice as opposed to with prejudice.

## II.  STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition.  *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021).  A motion under MCR 2.116(C)(10) tests the factual support of the plaintiff's complaint.  *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 506; 991 NW2d 230 (2022).  Summary disposition under subrule (C)(10) is properly granted when the pleadings, affidavits, depositions and other evidence, viewed in the light most favorable to the nonmoving party, fail to establish a genuine issue of material fact for trial.  *Id*. at 506-507.  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."  *Id*. at 507 (quotation marks and citation omitted).  The party opposing a motion under subrule (C)(10) may not rest on mere allegations or denials in his pleadings, but rather, must provide documentary evidence setting forth specific facts that establish a genuine issue for trial.  *Id.* at 506.

---

[3] At the hearing, defense counsel acknowledged that several cases had been filed alleging E. coli exposure from food purchased at Wendy's restaurants, but he maintained that those cases involved Wendy's locations other than the location at issue.

III. ANALYSIS

Generally, the trial court has discretion whether to dismiss a case with or without prejudice, but "we have recognized that summary disposition is different from other forms of dismissal." *Rinke v Auto Moulding Co*, 226 Mich App 432, 439; 573 NW2d 344 (1997). "The decision whether to grant dismissal with or without prejudice, by definition, determines whether a party may refile a claim or whether the claim is permanently barred." *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co of Pittsburgh, Pa*, 223 Mich App 559, 562; 567 NW2d 456 (1997). When determining "whether dismissal should be with or without prejudice, the trial court should consider whether the doctrine of res judicata would bar subsequent actions involving the same claim." *Id.*

The doctrine of res judicata bars a second action involving the same claim if "the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 509 Mich 276, 282; 983 NW2d 401 (2022) (quotation marks and citations omitted). This Court has recognized that "a summary disposition ruling is the procedural equivalent of a trial on the merits that bars relitigation on principles of res judicata." *The Mable Cleary Trust v The Edward-Marlah Muzyl Trust*, 262 Mich App 485, 510; 686 NW2d 770 (2004), overruled in part on other grounds by *Titan Ins Co v Hyten*, 491 Mich 547, 555 n 4 (2012).

The trial court erred by dismissing Chaney's action without prejudice. In granting Meritage's motion, the court instructed Chaney that he could refile his action, but that he needed to obtain evidence supporting his claim before he did so. The court's ruling was erroneous because the principles of res judicata precluded Chaney from taking a second bite of the apple, and, if Chaney refiled his action, Meritage would be entitled to summary disposition on the basis of res judicata. "Where a trial court dismisses a case on the merits, the plaintiff should not be allowed to refile the same suit against the same defendant and dismissal should therefore be with prejudice." *ABB Paint Finishing*, 223 Mich App at 563.

In addition, although discovery had not yet concluded when the trial court granted Meritage's motion, the court recognized that it was unlikely that further discovery would produce evidence supporting Chaney's claims. While summary disposition is generally premature if granted before the completion of discovery on a disputed issue, it "may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003). The party opposing summary disposition must establish a fair likelihood that further discovery will uncover factual support for his claim. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723-724; 909 NW2d 890 (2017). The party "cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence," including an affidavit required under MCR 2.116(H)[4] and the probable testimony supporting the statements in the affidavit. *Marilyn Froling*

---

[4] MCR 2.116(H)(1) provides:

*Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292-293; 769 NW2d 234 (2009).

In this case, in response to Meritage's motion for summary disposition, Chaney produced documentary evidence supporting his assertion that Meritage owned or operated the Wendy's restaurant. However, Meritage did not raise that issue in its motion for summary disposition. Chaney previously provided documentary evidence indicating that he purchased the sandwich from Wendy's on February 8, 2022, and he was diagnosed with colitis on February 26, 2022, but he failed to provide evidence linking his diagnosis to the sandwich. Chaney therefore failed to present any evidence regarding causation in response to Meritage's motion asserting that he was unable to establish causation. Moreover, he failed to provide an affidavit indicating the probable trial testimony supporting his position as permitted under MCR 2.116(H). Accordingly, the trial court did not err by granting Meritage's motion before the conclusion of discovery, but erroneously granted the motion without prejudice as opposed to with prejudice. We therefore vacate the trial court's order in part and remand for entry of an order granting the motion with prejudice.

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates

---

A party may show by affidavit that the facts necessary to support the party's position cannot be presented because the facts are known only to persons whose affidavits the party cannot procure. The affidavit must

(a) name these persons and state why their testimony cannot be procured, and

(b) state the nature of the probable testimony of these persons and the reason for the party's belief that these persons would testify to those facts.